UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  12-23868-CIV-KING

| | |
|---|---|
| ASTRID ELENA CARRILLO BARRAZA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| FRANCISCO BORJA MARTINEZ PARDO | ) |
| ANA MATIAS | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

**FIRST AMENDED COMPLAINT UNDER**
**29 U.S.C. 201- 216 AND THE FLORIDA CONSTITUTION/STATUTES**
**MINIMUM WAGE VIOLATIONS**

Plaintiff, ASTRID ELENA CARRILLO BARRAZA, through undersigned counsel, files this

Complaint against Defendants, FRANCISCO BORJA MARTINEZ PARDO and ANA

MATIAS, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. This Amended Complaint serves to add an additional minimum wage claim, pursuant to
   supplemental jurisdiction, under the Florida Constitution and Florida Statutes.  Plaintiff has
   served the required statutory notice regarding the minimum wage claim under Florida law
   and the prerequisites for adding a Florida minimum wage claim have been satisfied.

3. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

4. The Defendant FRANCISCO BORJA MARTINEZ PARDO resides in and/or regularly
   transacts business within Dade County. Upon information and belief, the Defendant was the
   FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

5. The Defendant ANA MATIAS resides in and/or regularly transacts business within Dade

**1** of **5**

County. Upon information and belief, the Defendant was the FLSA employer from on or about January 1, 2010 through the termination of Plaintiff's employment.

6. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL STATUTORY AND FLORIDA CONSTITUTIONAL VIOLATION (MINIMUM WAGE VIOLATION)

7. This action arises under the laws of the United States.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

10. Florida Statute §448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1." As of May 2nd, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006, Florida Minimum Wage was increased to $6.40 an hour. On January 1, 2007 Florida Minimum Wage was increased to $6.67 an hour. On January 1, 2008 Florida Minimum Wage was increased to $6.79 an hour. On January 1, 2009 Florida Minimum Wage was increased to $7.21 an hour.  On June 1, 2011 the Florida Minimum Wage was increased to $7.31 an hour.   On January 1, 2012 the Florida Minimum Wage was increased to $7.67 an hour.  These Minimum wage claims are brought pursuant to

the Florida Constitution/Statutes and the Fair Labor Standards Act.

11. Plaintiff worked as a live-in-housekeeper at Defendants' residence from on or about December 27, 2008 through on or about October 20, 2012.

12. . 29 U.S.C. 202 (a) states "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce." As Plaintiff was employed by Defendants as a domestic service employee, Plaintiff's work for Defendants is covered under the Fair Labor Standards Act.

13. 29 C.F.R. 552.99 states "Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93-690, pp. 21-22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly *Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93-690, pp. 21-22)."

14. Additionally, Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the

movement of commerce while she worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

15. From on or about December 27, 2008 through on or about December 31, 2009 Plaintiff worked an average of 73 hours per week for Defendant, FRANCISCO BORJA MARTINEZ PARDO, but was only paid $4.10/hr. Said payment of $4.10/hr is in violation of the Fair Labor Standards Act as said payment did not meet the applicable Federal and Florida Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the highest applicable minimum wage for said time period. From on or about January 1, 2010 through on or about October 20, 2012 Plaintiff worked an average of 73 hours per week for the Defendants but was only paid $4.10/hr. Said payment of $4.10/hr is in violation of the Fair Labor Standards Act and Florida Law as said payment did not meet the applicable Federal and Florida Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the highest applicable minimum wage for said time period.   The Defendant's wage payment practices to Plaintiff for this time period did not meet the federal and state minimum wage law requirements as Plaintiff was not paid the required federal and state minimum wage for all hours worked and is therefore claiming federal and state minimum wage violations for all hours worked for Defendants.

16. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act and Florida law as Defendants knew of the Federal and Florida Minimum Wage requirements of the Fair Labor Standards Act and Florida Constitution/Statutes and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act and Florida Law. Defendants

remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and Florida Law as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act and Florida Law --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**
**BY:_/s/_____K. David Kelly_____**
**K. DAVID KELLY, ESQ.**

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF AS ATTACHED TO A MOTION FOR LEAVE ON 12/17/12 TO:**

**CARMEN RODRIGUEZ, ESQ.**
**LAW OFFICES OF CARMEN RODRIGUEZ, P.A.**
**ATTORNEYS FOR DEFENDANTS**
**15715 S. DIXIE HWY, SUITE 411**
**MIAMI, FL 33157**
**FAX: 305-254-6048**

**BY:__/s/____K. David Kelly_____**
**K. DAVID KELLY, ESQ.**

**5** of **5**