UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-23868-CIV-KING

ASTRID ELENA CARRILLO BARRAZA,   )
                                 )
            Plaintiffs,          )
    vs.                          )
                                 )
FRANCISCO BORJA MARTINEZ PARDO   )
ANA MATIAS                       )
                                 )
            Defendants.          )
_____ )

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO HOLD DEFENDANT ANA MATIAS AS AN INDIVIDUAL EMPLOYER UNDER THE FLSA

COMES NOW the Plaintiff, through undersigned counsel, and pursuant to Local Rule 7.5 and Rule 56 of the Federal Rules of Civil Procedure, and files her Motion for Partial Summary Judgment to hold defendant Ana Matias ("Matia") as an individual employer under the FLSA from January 2011 through October 20, 2012 and in support thereof states as follows.

1. This matter sounds under the Fair Labor Standards Act ("FLSA") and involves one count for Federal Statutory and Florida Constitutional Minimum Wage Violations.

2. Pursuant to the attached deposition transcripts of both Defendants, the facts and the evidence support holding Defendant Ana Matia as an individual employer under the FLSA.

3. Defendant Pardo does not contest FLSA coverage as a matter of subject matter jurisdiction. (Depo. Def. Pardo P. 3. L. 21-25; P. 4. L.12).

4. The Plaintiff was a live-in housekeeper working for the Defendant Pardo from December 2008 until the end of her employment. (Depo. Def. Pardo P. 8. L. 9-11).

5. Defendant Ana Matias ("Matia") moved into Def. Pardo's home in January 2011 and

1

married Def. Pardo in November 2011. (Depo. Def. Pardo P. 9. L. 10-18); (Depo. Def. Matia. P. 3. L. 19-23).

6. Upon moving into Def. Pardo's home, Def. Matia gave the plaintiff orders and instruction on what she [plaintiff] needed to do. (Depo. Def. Pardo P. 10. L. 20-25).

7. Def. Matia would pay the Plaintiff's wages when Def. Pardo was out of the country, and Mr. Pardo spent almost half the year out of the country. (Depo. Def. Pardo P. 11. L. 1-8). (Depo. Def. Matia. P. 4. L. 18-22).

8. Plaintiff relies on the remainder of her statement of material facts, forthcoming affidavit, Defendants' deposition transcripts and her deposition transcript to maintain that under the FLSA, Defendant Matia must be considered an individual employer from January 2011 through October 12, 2012.

## MEMORANDUM OF LAW

A. **SUMMARY JUDGMENT STANDARD.**

"Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). Accepting this evidence as truthful, the Court must view the record and all factual inferences there from in the light most favorable to the

non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (citing First *Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288 (U.S. 1968)); *see also Anderson*, 477 U.S. at 247-48 ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact").

B.   **PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THERE IS NO FACTUAL DISPUTE THAT DEFENDANT ANA MATIA WAS AN INDIVIDUAL EMPLOYER OF THE PLAINTIFF UNDER THE FLSA.**

Plaintiff's Motion for Partial Summary Judgment should be granted because Defendants were both individual employers of the Plaintiff. Defendant Pardo through his counsel does not contest status of his individual coverage. (Depo of Def. Pardo. P.3. L. 21-25; P. 4. L. 10-12).

**The focus of this motion is on Defendant Matia who has not consented to individual coverage**. The term employer is interpreted more broadly under the FLSA than in common law, for remedial purposes. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999):

> **To be held liable under the FLSA, a person must be an "employer," which § 3(d) of the statute defines broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d) (1994). The Supreme Court has emphasized the "expansiveness" of the FLSA's definition of employer. *Falk v. Brennan*, 414 U.S. 190, 195, 94 S.Ct. 427, 38 L.Ed.2d 406 (1973)**. **Above and beyond the plain language, moreover, the remedial nature of the statute further warrants an expansive interpretation of its provisions so that they will have "the widest possible impact in the national economy." *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir.1984)**.

A corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid

wages. *Patel v. Wargo*, 803 F.2d 632, 637-638 (11th Cir. 1986). The Plaintiff was a housekeeper, and in this case there is no traditional corporate employer. Plaintiff worked for the employer from approximately 12/2008 through 10/20/2012. (Depo. of Plt Barraza P. 10. L. 2-9; see D.E. 18). Defendant Matia moved into Defendant Pardo's house in January 2011. Matia should be held individually liable as an employer because since January 2011, she controlled Plaintiff during work hours, told her what to do and oversaw her work. (Depo. Def. Pardo P. 10. L. 20-25). During the claim period, Defendant Pardo generally spent half the year outside of the United States; thus, from January 2011 through October 20, 2012, Defendant Matia paid Plaintiff. (Depo. Def. Pardo P. 11. L. 1-8).

Financial control over a corporation is a significant factor in determining "employer" status. *Elliot Travel*, 942 F. 2d. 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1983) (imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration). Personal liability may also arise from significant ownership interest coupled with operational control. Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control. *Herman*, 172 F.3d at 139, quoting *Donovan v. Janitorial Servs, Inc.*, 672 F.2d 528, 531 (5th Cir. 1982).

The facts and the evidence demonstrate that Defendant Matia acted directly as an employer of the Plaintiff. The control leveled by Matia over the Plaintiff shows that Matia was indeed an FLSA employer.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment Should be granted to reflect that Defendant Ana Matia should be found individually liable as an FLSA employer from January 2011 through October 20, 2012.

Dated 10/14/2013

      Respectfully submitted,

      J. H. ZIDELL, P.A.
      ATTORNEYS FOR PLAINTIFF
      300-71ST STREET, SUITE 605
      MIAMI BEACH, FLORIDA 33141
      305-865-6766
      305-865-7167
      By: /s/ Joseph Perea
         Joseph Perea
         Florida Bar No.: 47782

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was forwarded on this 14th day of October 2013 to counsel for Defendants, Carmen Rodriguez, Esq., Law Offices of Carmen Rodriguez, P.A., 15715 S. Dixie HWY, Suite 411, Miami, FL 33157.

      By: /s/ Joseph Perea
         Joseph Perea