UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-cv-23868-JLK

ASTRID ELENA CARRILLO BARRAZA,

       Plaintiff,

v.

FRANCISCO BORJA MARTINEZ PARDO,
ANA MATIAS,

       Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendants' Motion for Summary Judgment (D.E. 16), filed October 14, 2013. The Court is fully briefed on the matter.[1] Upon review of the record and careful consideration, the Court finds that genuine issues of material fact in the record preclude summary judgment.

### I. BACKGROUND

This is an action for violation of the minimum wage requirement of the Fair Labor Standards Act of 1938 (the FLSA) and Florida law. Plaintiff alleges she worked as a live-in housekeeper for Defendants from approximately December 27, 2008 through October 20, 2012. D.E. 12 ¶¶ 11, 15. Plaintiff alleges she worked an average of 73 hours per week and was paid only $4.10 per hour. D.E. 12 ¶ 15. Prior to the employment

---

[1] Plaintiff responded on October 31, 2013 (D.E. 24) and Defendants replied on November 18, 2013 (D.E. 30).

relationship, Defendant Pardo and Plaintiff entered into an employment contract. D.E. 33-1. This contract required Plaintiff to work exclusively for Defendant Pardo, 8 hours per day, 6 days per week, for $1,440 per month.

Defendants seek summary judgment, asserting that the evidence in the record establishes Plaintiff was paid in excess of the minimum wage.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen*, 121 F.3d at 646. If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*

On a motion for summary judgment, the Court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50. However, in reviewing the record evidence, the Court may not undertake the jury's function of weighing the

evidence properly offered by the parties. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) ("[Plaintiff]'s evidence must be taken at face value, and all justifiable inferences are to be drawn in his favor. Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

### III. ANALYSIS

#### A. FLSA Recordkeeping and Enforceability of Employment Contract

One of Plaintiff's main responses to the instant Motion is that Defendants did not keep proper time records. D.E. 24 at 11. Plaintiff argues that Defendants have not furnished records to contradict Plaintiff's statement that she worked from 7am to 9 pm. D.E. 24 at 12. Plaintiff also contends that the contract between her and Defendant Pardo is limited to two years. D.E. 24 ¶4.

##### *i.   Legal Standard*

Under 29 CFR 552.110(b), "In the case of an employee who resides on the premises, records of the actual hours worked are not required." The employer may instead maintain a copy of a reasonable agreement entered into between the employee and the employer to establish the hours worked. 29 CFR 552.102(b). .

When an employment contract for a definite period exists and an employee continues to work under the contract after its expiration, the presumption in the law is that the contract is renewed and employment continued on the terms of the original contract. *Carlson v. WPLG/TV-10, Post-Newsweek Stations of Florida*, 956 F. Supp. 994, 1005 (S.D. Fla. 1996); *Rothman v. Gold Master Corp.*, 287 So. 2d 735, 736 (Fla. Dist. Ct. App. 1974); *Sultan v. Jade Winds Const. Corp.*, 277 So. 2d 574, 576 (Fla. Dist. Ct. App.

3

1973); *see also Carnival Corp. v. U.S. Bank Nat. Ass'n. ND*, 2009 WL 3584935 (S.D. Fla. Oct. 27, 2009) (finding that the parties established an implied-in-fact contract by continuing to operate under the agreement). The existence of such a contract is determined objectively; whether a reasonable person would believe the parties intended to enter into such a new binding agreement. *Rothman*, 287 So. 2d at 736. "[T]his principle is particularly applicable to the master/servant relationship." *Id.* "[S]uch a presumption may be rebutted by evidence showing a change of the terms of the contract or by proof of facts and circumstances showing that the parties understood that the terms of the old contract were not to apply to the continued service." *Sultan*, 277 So. 2d at 576.

### ii. *Analysis*

In this case, a reasonable person would believe the parties intended to continue their agreement; there is no evidence indicating otherwise. Plaintiff continued to work for Defendant Pardo in the same conditions as under the contract or were negotiating a new contract. There is no evidence in this case that the parties attempted to change the terms of the contract. Therefore, the presumption is that the contract was renewed and in effect for the duration of Plaintiff's employment. Plaintiff has not rebutted the presumption. Thus, the contract between Plaintiff and Defendant Pardo governs the entirety of the time period of this action.

Accordingly, in this case, Defendants do not need to maintain precise records because the contract satisfies the FLSA's record keeping provisions for the duration of the employment relationship.

**B. Hours Worked**

Defendants rely heavily on Plaintiff's deposition to attempt to establish what Plaintiff did on an average day, accounting for each minute and hour. Defendants analyze the testimony as establishing that Plaintiff not only did not work the 73 hours per week she alleges but, also, that she worked less than 8 hours per day. D.E. 16 at 9; D.E. 30 at 4. Plaintiff's interpretation differs. She argues that the time she spent "waiting to be engaged" is compensable and Defendants' attempt to calculate her hours minute by minute is, therefore, misguided. D.E. 24 at 15.

### i.   *Legal Standard*

Depending on the nature of the work, time spent waiting for work can be compensable. *Armour & Co. v. Wantock*, 323 U.S. 126, 134 (1944); *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161 (1944); *Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 808 (11th Cir. 1992). Determining whether time is compensable under the FLSA "involves scrutiny and construction of the agreements between the particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and all of the surrounding circumstances." *Skidmore*, 323 U.S. at 137.

Some factors to consider when deciding the extent to which an "on call" employee is free to engage in personal activities, include:

> "(1) whether there was an on-premises living requirement; (2) whether there were excessive geographical restrictions on employee's movements; (3) whether the frequency of calls was unduly restrictive; (4) whether a fixed time limit for response was unduly restrictive; (5) whether the on-call employee could easily trade on-call responsibilities; (6) whether use of a

pager could ease restrictions; and (7) whether the employee had actually engaged in personal activities during call-in time."

*Lurvey v. Metro. Dade Cnty.*, 870 F. Supp. 1570, 1576 (S.D. Fla. 1994) (citing *Owens v. Local No. 169, Ass'n of Western Pulp and Paper Workers,* 971 F.2d 347, 351 (9th Cir.1992)

29 CFR § 785.23 states that an employee who lives on the employer's premises "is not considered as working all the time he is on the premises." Because it is difficult to calculate the exact hours worked under these circumstances, "any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted."

    *ii.*    ***Analysis***

As reflected in the *Lurvey* factors, the determination of whether time spent waiting is compensable is highly factual. There is no agreement between the parties as to the hours during which Plaintiff was working or was on personal time. While the contract may be some evidence of the hours, Plaintiff argues that the contract is not representative of what actually transpired. Accordingly, the facts relevant to determining the compensable hours are highly disputed. This genuine issue of material fact precludes the granting of summary judgment.

**C. Credits**

Defendants seek to enforce the contract's provision of $300 per month credit for food and lodging. In her deposition, Plaintiff admits she was provided room and board. D.E. 18-1 12:21-23. Plaintiff argues in Response to the Motion that the assertion of credits is inappropriate because the value of the credits must be determined by the

Administrator of the Wage and Hour Division. She further argues that even if Defendants were allowed the credits, her wages will still fall below the minimum wage because she worked 73 hours per week. D.E. 24 at 17-19.

### i. *Legal Standard*

29 USC § 203(m) defines a "wage" to include "the reasonable cost, as determined by the Administrator, to the employer of furnishing such employee with board, lodging, or other facilities…" Employers are entitled to credit for the reasonable cost of furnishing certain non-cash items to Plaintiff such as meals and lodging for the employee's benefit, if the employee voluntarily accepts them. 29 CFR § 552.100(b). Meal credits are capped at 37.5% of the minimum wage for breakfast, 50% of the minimum wage for lunch, and 62.5% of the minimum wage for dinner. 29 CFR § 552.100(c). Lodging credits are capped at seven and one-half times the minimum wage for each week. 29 CFR § 552.100(d).

### ii. *Analysis*

The Court disagrees with Plaintiff's reading of the law regarding the Administrator's involvement. While 29 USC § 203(m) says the Administrator will determine the reasonable cost of the credits, 29 CFR § 552.100 provides the Department of Labor's interpretation of reasonableness and obviates the need for the Administrator's involvement in approving every credit sought by every employer. While the burden is on the employer to establish the reasonableness of the credits, the burden is met by either complying with the FLSA's recordkeeping provisions or seeking the Administrator's determination. *Donovan v. New Floridian Hotel*, 676 F.2d 468, 475 (11th Cir. 1982). In

the instant case, as previously described, Defendants have met the recordkeeping provisions because of the contract with Plaintiff.

At this stage, the Court cannot rule that the contracted-for credits are applicable because the facts are too disputed. Although the parties have a clear agreement providing for $300 per month for room and board and Plaintiff admits she received room and board, the Court finds there must first be a determination of the hours worked before applying any credits. Defendants may renew argument on the applicability of credits after the necessary determinations have been made in this case.

### D. Airplane Tickets

#### i. Argument

Plaintiff also raises the applicability of contracted-for airplane tickets. The contract requires Defendant Pardo to provide Plaintiff with a round-trip ticket to Columbia. Plaintiff responds that Defendants cannot be permitted to credit airline travel because no common nucleus between the airfare and FLSA violations, so this Court cannot exercise supplemental jurisdiction and she did not provide consideration for the airfare. D.E. 24 at 19.

#### ii. Analysis

As a simple matter of contract formation, the plane ticket is clearly part of the bargained-for exchange. The contract contains the terms of employment and the benefits Plaintiff was to receive, including the airplane ticket. Thus, the airfare is tied to the instant litigation because the contract is applicable. Nevertheless, the heart of this case is

the hours Plaintiff worked. Given that there exist genuine issues of material fact as to the hours worked, the Motion for Summary Judgment must be denied.

## IV. CONCLUSION

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Defendants' Motion for Summary Judgment (**D.E. 16**) be, and the same is, hereby **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 4th day of December, 2013.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: Magistrate Judge Chris M. McAliley

All Counsel of Record