UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-cv-23868-JLK

ASTRID ELENA CARRILLO BARRAZA,

    Plaintiff,

v.

FRANCISCO BORJA MARTINEZ PARDO,
ANA MATIAS,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Motion for Partial Summary Judgment (D.E. 20), filed October 14, 2013. Defendants have not responded to the Motion as required under Local Rule 7.1(c) (Failure to serve an opposing memorandum of law within 14 days of service of a motion may be deemed sufficient cause for granting the motion by default). Nonetheless, based on a review of the record, the Court finds the Motion should be denied.

### I. BACKGROUND

This is an action for violation of the minimum wage requirement of the Fair Labor Standards Act of 1938 (the FLSA) and Florida law. Plaintiff alleges she worked as a live-in housekeeper for Defendants from approximately December 27, 2008 through October 20, 2012. D.E. 12 ¶¶ 11, 15. Plaintiff alleges she worked an average of 73 hours

per week and was paid only $4.10 per hour. D.E. 12 ¶ 15. Prior to the employment relationship, Defendant Pardo and Plaintiff entered into an employment contract. D.E. 33-1. This contract required Plaintiff to work exclusively for Defendant Pardo, 8 hours per day, 6 days per week, for $1,440 per month.

Plaintiff seeks partial summary judgment that Defendant Ana Matias be found to be Plaintiff's employer under the FLSA.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen*, 121 F.3d at 646. If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50. However, in reviewing the

record evidence, the Court may not undertake the jury's function of weighing the evidence properly offered by the Parties. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) ("[Plaintiff]'s evidence must be taken at face value, and all justifiable inferences are to be drawn in his favor. Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

### III. ANALYSIS

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d). "Employ" under the FLSA "includes to suffer or permit to work." 29 U.S.C. § 203(g). Determination of joint employment is a highly factual issue and depends on the "economic reality of all the circumstances." *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1177 (11th Cir. 2012). The Eleventh Circuit has put forth an eight-factor test, in which no one factor is determinative: (1) nature and degree of control of workers; (2) degree of supervision, direct or indirect, of work; (3) right, directly or indirectly, to hire, fire, or modify employment conditions of workers; (4) power to set pay rates or methods of payment; (5) preparation of payroll and payment of wages; (6) ownership of facilities where work occurred; (7) workers' performance of specialty job integral to the business; and (8) investment in equipment and facilities. *Id.*

In support of the Motion, Plaintiff points to deposition testimony. Defendant Pardo states in his deposition that Defendant Matias became Plaintiff's employer "ever since 2 years ago" (D.E. 19-1 7:24), but Defendant Matias herself never so admits. Defendant Matias maintains that Defendant Pardo had the control over Plaintiff.

Defendant Matias does admit that she gave instructions to Plaintiff when Plaintiff asked questions. D.E. 19-2 4:7.

On this record, there is insufficient evidence to grant summary judgment. Although Defendants failed to respond to the Motion, there is no agreement of the facts in the record to establish that Defendant Matias is Plaintiff's FLSA employer. None of the factors in the *Layton* test can be accounted for. Defendant Matias has not admitted any control rising to the level of FLSA employer. Simply admitting that one gave directions to someone who lived in one's home does not necessarily make one a FLSA employer. Moreover, the contract between Defendant Pardo and Plaintiff was never revised to name Defendant Matias as an employer.

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion for Partial Summary Judgment (**D.E. 20**) be, and the same is, hereby **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 4th day of December, 2013.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record