**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  12-23868-CIV-KING**

| | |
|---|---|
| ASTRID ELENA CARRILLO BARRAZA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| FRANCISCO BORJA MARTINEZ PARDO | ) |
| ANA MATIAS | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

**JOINT PROPOSED JURY INSTRUCTIONS**

**\*\*ANY PROPOSED INTRUCTIONS BELOW OBJECTED TO BY DEFENDANTS AND OFFERED ONLY BY PLAINTIFF ARE <u>UNDERLINED</u>. ANY PROPOSED INTRUCTIONS BELOW OBJECTED TO BY PLAINTIFF AND OFFERED ONLY BY DEFENDANTS ARE *ITALICIZED*.**

**<u>TO BE GIVEN AT THE BEGINNING OF THE CASE</u>**

**PROPOSED JURY INSTRUCTION NO. 1**
**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply - and you must follow the law even if you disagree with it.

<u>What is evidence:</u>

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" - simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did - unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence - this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

• the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

• the witness's memory;

• the witness's manner while testifying;

• any interest the witness has in the outcome of the case;

• any bias or prejudice the witness may have;

• any other evidence that contradicts the witness's testimony;

• the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Plaintiff's Description of the case:

This case arises under the Fair Labor Standards Act (sometimes referred to as the "FLSA"), the federal law that, among other things, provides for the payment of minimum wages. Also, minimum wages are required by Florida law including the Florida Constitution. The Plaintiff claims that the Defendants did not pay her the minimum wages required by law. Defendants dispute Plaintiff's claim and contend that Plaintiff was properly paid her minimum wages.

*Defendants' Description of the Case:*

*This case arises under the Fair Labor Standards Act (sometimes referred to as the "FLSA"), the federal law that, among other things, provides for the payment of minimum wages. Also, minimum wages are required by Florida law including the Florida Constitution. The Plaintiff claims that the Defendants did not pay her the minimum wages required by law. Defendants deny those claims and states that Plaintiff was properly paid and Defendants did not violate the law.*

**Burden of proof**:

Plaintiff has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Plaintiff and the evidence

favoring Defendants on opposite sides of balancing scales, Plaintiff needs to make the scales tip to him. If Plaintiff fails to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

[On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.]

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything - all the evidence, the lawyers' closing arguments, and my instructions on the law - before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other

means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair - no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present his witnesses and ask them questions. After Plaintiff questions the witness, Defendants, may ask the witness questions - this is called "cross-examining" the witness. Then Defendants will present [his/her/its] witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

### TO BE GIVEN AT THE END OF THE CASE

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

AUTHORITY:     Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction
               No. 1.1 and 3.1 (2013).

GIVEN:                    _____
GIVEN AS MODIFIED:        _____
WITHDRAWN:                _____
REFUSED:                  _____

## PROPOSED JURY INSTRUCTION NO. 2
### Official English Translation/Interpretation

You may hear or see languages other than English during this trial. You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know [language], you must accept the English [interpretation/translation] provided and disregard any different meaning.

AUTHORITY:    Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction No. 1.1 (2013).

GIVEN:                            _____
GIVEN AS MODIFIED:    _____
WITHDRAWN:              _____
REFUSED:                    _____

**PROPOSED JURY INSTRUCTION NO. 3**
The Duty to Follow Instructions—No Corporate
Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone. You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

AUTHORITY:          11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.2.2.

GIVEN:                          _____
GIVEN AS MODIFIED:     _____
WITHDRAWN:                _____
REFUSED:                      _____

## PROPOSED JURY INSTRUCTION NO. 4
**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.


AUTHORITY:          11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:                               _____
GIVEN AS MODIFIED:          _____
WITHDRAWN:                     _____
REFUSED:                          _____

## PROPOSED JURY INSTRUCTION NO. 5
## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

AUTHORITY:        11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:                                    _____
GIVEN AS MODIFIED:        _____
WITHDRAWN:                      _____
REFUSED:                            _____

**PROPOSED JURY INSTRUCTION NO. 6**
**IMPEACHMENT OF WITNESSES**
**(Inconsistent Statement)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

AUTHORITY:        11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.5.1.

GIVEN:                                  _____
GIVEN AS MODIFIED:      _____
WITHDRAWN:                      _____
REFUSED:                            _____

**PROPOSED JURY INSTRUCTION NO. 7**
**Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims -**
**Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the [Plaintiff] [party making that claim or contention].

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.


AUTHORITY:          11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.7.1.

GIVEN:                              _____
GIVEN AS MODIFIED:        _____
WITHDRAWN:                    _____
REFUSED:                          _____

## PROPOSED JURY INSTRUCTION NO. 8
## FAIR LABOR STANDARDS ACT
### (29 USC Section 216)

In this case, Plaintiff Astrid Elena Carrillo Barraza claims that the Defendants Francisco Borja Martinez Pardo and Ana Matias did not pay her the minimum wage pay required by the federal Fair Labor Standards Act, also known as the FLSA.  Also, minimum wages are required by Florida law including the Florida Constitution.  To succeed on his claim against Defendants, The Plaintiff, in order to prevail, must prove by a preponderance of the evidence three things:

*First*: That the Plaintiff was employed by the Defendants during the time period involved;

*Second*: That the Defendants' were Plaintiff's FLSA Employers.

*Third*: That the Defendants failed to pay the Plaintiff the minimum wage pay required by law.

The Parties agree that the Plaintiff was employed by the Defendant Francisco Pardo during the period alleged, but the Defendants dispute that Defendant Ana Matias was Plaintiff's employer.  Therefore, in addition to determining whether the Defendant Matias was Plaintiff's employer, you must also decide the third prong as to whether any minimum wages are due to Plaintiff, and if so how much.

 [In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

[**Minimum wage claim:** The minimum wage required by the FLSA during the period involved in this case was $7.25 per hour.]   However, the highest applicable minimum wage rates during the relevant employment period, respectively under the FLSA and Florida law are as follows: Florida minimum wage was $6.79/hr between the dates of 12/27/08 through 12/31/08; Florida minimum wage was $7.21/hr between the dates of 1/1/09 through 7/23/09; Federal

minimum wage was $7.25/hr. between the dates 7/24/09 through 5/31/11; Florida minimum wage was $7.31/hr from 6/1/11 through 12/31/11; Florida minimum wage was $7.67/hr from 1/1/12 through 10/20/12.

Under the Fair Labor Standards Act the Plaintiff is entitled to recover lost wages based on a two year statute of limitations calculated from the date of the filing of the complaint.  Thus that maximum period of recovery would be 10/24/10 through 10/20/12.  If you find that the employers knew, or showed reckless disregard, as to whether their conduct was prohibited by the FLSA, the Plaintiff is entitled to recover under a three year period, which would be 10/24/09 through 10/20/12.

However, under the Florida Constitution, the Plaintiff is entitled to recover lost wages based on a four year statute of limitations calculated from the date of the filing of the complaint. Thus that period would be 12/27/08 through 10/20/12.  Thus, due to the length of Plaintiff's employment, under Florida law she will not need to show that the employer knew, or showed reckless disregard to seek recovery for that entire period (the demonstration of which would otherwise allow for a five year limitations period under Florida law).

 [**Inadequate Records:** The law requires an employer to keep records of how many hours [his/her/its] employees work and the amount they are paid. In this case, Plaintiff claims that Defendants failed to keep and maintain adequate records of his hours and pay. Plaintiff also claims that Defendants' failure to keep and maintain adequate records has made it difficult for Plaintiff to prove the exact amount of [his/her] claim.

If you find that Defendants failed to keep adequate time and pay records for Plaintiff and that Plaintiff performed work for which [he/she] should have been paid, Plaintiff may recover a reasonable estimation of the amount of [his/her] damages. But to recover this amount, Plaintiff

must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which [he/she] seeks pay.]

AUTHORITY:  11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14. (MODIFIED).

GIVEN:                             _____
GIVEN AS MODIFIED:        _____
WITHDRAWN:                    _____
REFUSED:                         _____

## *DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9*
## *RECORD KEEPING OBLIGATIONS OF AN EMPLOYER UNDER THE FLSA*

Per 29 C.F.R. 552.110 (b), when an employee resides on the premises of an employer records of actual hours worked are not required when there is a reasonable agreement between the parties maintained.  I have already determined in this case that as a matter of law, the Defendants did have a reasonable contract with Plaintiff, governing Plaintiff's employment.  As such, Defendants were not under any obligation to maintain separate records of Plaintiff's work hours.


*AUTHORITY:*

*29 C.F.R. 552.110(b)*
*29 C.F.R. 552.102*
*Barraza v. Pardo et al, 12-cv-23868-JLK, D.E. 35 p. 3-4.*

|  |  |
|---|---|
| *GIVEN:* | _____ |
| *GIVEN AS MODIFIED:* | _____ |
| *WITHDRAWN:* | _____ |
| *REFUSED:* | _____ |

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9**
**RECORD KEEPING OBLIGATION OF EMPLOYER UNDER THE FLSA**

It is the employer's responsibility of keeping records of hours worked by employees under the Fair Labor Standards Act.  "Where the employer's records of work time are inaccurate or completely missing and the employee cannot offer convincing substitutes,  the employee has carried out his burden if he proves that he has in fact performed work for which he has been improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the employee may then be awarded damages even though the result be only approximate.

*AUTHORITY:  Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

GIVEN:                                    _____
GIVEN AS MODIFIED:        _____
WITHDRAWN:                       _____
REFUSED:                             _____

**PROPOSED JURY INSTRUCTION NO. 10**
**FURTHER RECORD KEEPING OBLIGATIONS OF EMPLOYER UNDER THE FLSA**

Every employer shall maintain and preserve payroll or other records with respect to each employee containing the time of day and day of week on which the employee's workweek begins including the starting time and length of each employee's work period.  Such records shall include the regular hourly rate of pay for any workweek in which overtime compensation is due and shall explain the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis.

The records must show the hours worked each workday and the total hours worked each workweek, and must set forth the total daily or weekly earnings or wages due for hours worked during the workday or workweek.

AUTHORITY:          29 C.F.R. 516.2 (Modified).

GIVEN:                                  _____
GIVEN AS MODIFIED:        _____
WITHDRAWN:                    _____
REFUSED:                          _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11
### COST CREDITS

An domestic service employee who resides within the home he/she works, is not entitled to overtime pay for hours worked but must be paid the minimum wage for all hours worked.

In determining the applicable wages paid to a party, the employer may take a credit for the reasonable cost or fair value of food, lodgings, and other facilities customarily furnished, provided they are accepted without coercion. The Administrator of the Department of Labor has already determined acceptable credits to include up to 37.5% of the applicable minimum wage for any breakfast that is provided, up to 50% of the applicable minimum wage for any lunch that is provided, and up to 67.5% of the applicable minimum wage for any dinner that is furnished. When combined the meal credits cannot exceed 150% of the applicable meal credits for any day. If the actual costs of the meals exceed these amounts, the employer must maintain records of the actual costs of the food provided in order to claim the costs.

Similarly, the Administrator has already determined that a credit of up to 7.5 times the applicable minimum wage for each week that lodgings are provided is acceptable. If the employer wishes to claim a credit of the actual costs of provided lodgings the employer may do so but must maintain the records relied upon to maintain the different cost figures.

AUTHORITY:  29 U.S.C. 213 (b)(21);  29 C.F.R. 552.100; 29 C.F.R. 552.102

GIVEN:                              _____
GIVEN AS MODIFIED:      _____
WITHDRAWN:                  _____
REFUSED:                         _____

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 11
## JURY INSTRUCTION AS TO COST CREDIT

In this case, Defendants argue that you must consider (in relation to any alleged wages that are owed) board and lodging Plaintiff received.  In other words, Plaintiff was a live-in house-keeper, and therefore Defendants argue they should be credited the value of her room and food during the relevant period. Wages paid to any employee includes the reasonable cost, as determined by the Administrator of the Department of Labor, to the employer of furnishing the employee with board and lodging.  Therefore in addition to any alleged agreement or contract, Defendants were required to have the Administrator of the Department of Labor determine the value of the room and board.  The law does not permit Defendants to merely decide what the value of the board and lodgings are going to be, but rather Defendants must prove they ensured that the Department of Labor determined the value of the room and board (if Defendants did not obtain such determination, they are not entitled to seek any credit for board and lodging).

In addition, Defendants as employers were required to maintain records of the actual cost of said housing and food and Defendants must demonstrate how such costs were applied to the wages paid to Plaintiff.  The regulations required Defendants to keep records of the costs incurred in furnishing board and lodging and Defendants were required to maintain records showing additions or deductions from wages paid for board, lodging or other facilities on a work week basis.  If Defendants did not maintain such records, then you must find that they are not entitled to seek any credit for board and lodging.

Moreover, Defendants cannot claim a credit unless they demonstrate that Plaintiff was given the option of receiving cash instead of the credit the Defendants assert for meals and lodging.

<u>Defendants have the burden of showing that they have satisfied the necessary conditions imposed under relevant law, and if they do not meet those conditions they are not entitled to any credit for meals and lodging.</u>

AUTHORITIES:   29 C.F.R. 552.100, 29 CFR 531.30, 29 U.S.C. 203(m), *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 473-474 (11th Cir. 1982), *Marshall v. New Floridian Hotel, Inc.*, 1979 U.S. Dist. LEXIS 10122, 28-30 (S.D. Fla. Aug. 29, 1979), *Marshall v. Debord d/b/a Bernies Rest Haven* 84 LC P33,721 E.D. Okla No. 77-106- (1978).

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12
### Calculation of Hourly Pay

"If the employee is employed solely on a weekly salary basis, his regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired at a salary of $182.70 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $182.70 divided by 35 hours, or $5.22 an hour, and when he works overtime he is entitled to receive $5.22 for each of the first 40 hours and $7.83 (one and one-half times $5.22) for each hour thereafter. If an employee is hired at a salary of $220.80 for a 40–hour week his regular rate is $5.52 an hour."

AUTHORITY:      *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268-69 (11th Cir. 2008).

GIVEN:                         _____
GIVEN AS MODIFIED:     _____
WITHDRAWN:            _____
REFUSED:                _____

**PROPOSED JURY INSTRUCTION NO. 13**
**RIGHTS TO MINIMUM WAGE NON-WAIVABLE**

An individual employee's rights for minimum wage compensation under the Fair Labor

Standards Act cannot be *abridged by contract* or otherwise waived by the employee.


*AUTHORITY:*  *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981)
        *Baker et.al. v. Barnard Construction Co.* et.al., 146 F.3d 1214 (10th Cir. 1998)


GIVEN:                     _____
GIVEN AS MODIFIED:         _____
WITHDRAWN:                 _____
REFUSED:                   _____

## PROPOSED JURY INSTRUCTION NO. 14
## EMPLOYEE STANDBY OR WAITING TIME

"Stand-by" time or "waiting" time is compensable under the FLSA if it is in furtherance of the employer's business objectives.  "Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case."

AUTHORITY:   *Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN:                            _____
GIVEN AS MODIFIED:      _____
WITHDRAWN:               _____
REFUSED:                      _____

## PROPOSED JURY INSTRUCTION NO. 15
### (Rest Time and Meal Time)

**Plaintiff's proposed**

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

Under the Fair Labor Standards Act, *bona fide* meal periods are not compensable work time. A *bona fide* meal period ordinarily lasts 30 minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as *bona fide* meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a *bona fide* meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a *bona fide* meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

*Defendants' Proposed*

Under the Fair Labor Standards Act, rest periods of less than 20 minutes are work time. But if the employee spends 30 minutes or longer from their job duties, this time is not compensable.

Bona fide meal periods are not compensable work time. A bona fide meal period ordinarily lasts 30 minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as bona fide meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a bona fide meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a bona fide meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

AUTHORITY:  29 C.F.R. § 785.18; *Bates v. Dept. of Corrections of the State of Kansas*, 81 F.3d 1008, 1010-11 (10th Cir. 1996); 29 C.F.R. §785.19. McNamara, Southerland, Federal Employment Jury Instructions (2011).

|  |  |
|---|---|
| GIVEN: | _____ |
| GIVEN AS MODIFIED: | _____ |
| WITHDRAWN: | _____ |
| REFUSED: | _____ |

### <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16</u>
#### Employees Residing on Employer's Premises

"An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted."

AUTHORITY:          29 C.F.R. 785.23

GIVEN:                              _____
GIVEN AS MODIFIED:      _____
WITHDRAWN:                  _____
REFUSED:                        _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17**
<u>(On-Call)</u>

An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call". An employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call.

Authorities:  29 C.F.R. §785.17

GIVEN AS REQUESTED      _____
GIVEN MODIFIED              _____
REFUSED                            _____
WITHDRAWN                     _____

## PROPOSED JURY INSTRUCTION NO. 18
## "WORK" DEFINED

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.

*AUTHORITY:  Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944).

GIVEN:                          _____
GIVEN AS MODIFIED:      _____
WITHDRAWN:                _____
REFUSED:                      _____

## PROPOSED JURY INSTRUCTION NO. 19
## EMPLOYEE PERMITTED TO WORK

Permitting an employee to engage in an activity is considered "work" under the FLSA.

Authority:  29 U.S.C. 203 (e)(1)

GIVEN:                          _____
GIVEN AS MODIFIED:    _____
WITHDRAWN:              _____
REFUSED:                     _____

## PROPOSED JURY INSTRUCTION NO. 20
## "COMPENSABLE TIME" INCLUSIVE

"Compensable time" includes far more than the time that the employee spends engaged

in active labor.

AUTHORITY: *Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*,
323 U.S. 134 (1944)

GIVEN:                    _____
GIVEN AS MODIFIED:        _____
WITHDRAWN:                _____
REFUSED:                  _____

## PROPOSED JURY INSTRUCTION NO. 21
## RECORD KEEPING REQUIREMENTS OF THE EMPLOYER

(a) Items required. Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply:

(1) Name in full, as used for Social Security recordkeeping purposes, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records,

(2) Home address, including zip code,

(3) Date of birth, if under 19,

(4) Sex and occupation in which employed (sex may be indicated by use of the prefixes Mr., Mrs., Miss., or Ms.)

(5) Time of day and day of week on which the employee's workweek begins (or for employees employed under section 7(k) of the Act, the starting time and length of each employee's work period). If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice,

(6)(i) Regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the Act, (ii) explain basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and nature of each payment which, pursuant to section 7(e) of the Act, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),

(7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),

(8) Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,

(9) Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under paragraph (a)(8) of this section,

(10) Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,

(11) Total wages paid each pay period,

(12) Date of payment and the pay period covered by payment.


(b) Records of retroactive payment of wages. Every employer who makes retroactive payment of wages or compensation under the supervision of the Administrator of the Wage and Hour Division pursuant to section 16(c) and/or section 17 of the Act, shall:

(1) Record and preserve, as an entry on the pay records, the amount of such payment to each employee, the period covered by such payment, and the date of payment.

(2) Prepare a report of each such payment on a receipt form provided by or authorized by the Wage and Hour Division, and (i) preserve a copy as part of the records, (ii) deliver a copy to the employee, and (iii) file the original, as evidence of payment by the employer and receipt by the employee, with the Administrator or an authorized representative within 10 days after payment is made.

AUTHORITY:          29 CFR 516.2 (A) AND (B) MODIFIED AS TO (A)(4)


GIVEN:                       _____
GIVEN AS MODIFIED:          _____
WITHDRAWN:                  _____
REFUSED:                    _____

**PROPOSED JURY INSTRUCTION NO. 22**
**"EMPLOYER" DEFINED BROADLY UNDER THE FLSA**

Under the Fair Labor Standards Act, the term "Employer" is defined more broadly than the term would be interpreted in traditional common law application in order to meet the remedial purposes behind the Fair Labor Standards Act.

AUTHORITIES:
Falk v. Brennan, 414 U.S. 190 (1973)
McLaughlin v. Seafood, Inc., 867 F.2d 875 (5th Cir. 1989)
Dole v. Elliot Travel & Tours, Inc., 942 F.2d 962 (6th Cir. 1991)

GIVEN:                    _____
GIVEN AS MODIFIED:        _____
WITHDRAWN:                _____
REFUSED:                  _____

## PROPOSED JURY INSTRUCTION NO. 23
## SEVERAL EMPLOYERS

Several employers may be liable for an employee's overtime wages under the Fair Labor

Standards Act.


AUTHORITY:          *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).

GIVEN:                        _____
GIVEN AS MODIFIED:    _____
WITHDRAWN:              _____
REFUSED:                   _____

## PROPOSED JURY INSTRUCTION NO. 24
### INDIRECT EMPLOYER DEFINED

Any person who acts indirectly in the interest of [Plaintiff's] employer(s) in relation to the Plaintiff for the relevant time period by paying Plaintiff's wages and/or directing Plaintiff's work is considered to be an employer under the Fair Labor Standards Act.

AUTHORITY:        29 U.S.C. 203 (d)

GIVEN:                        _____
GIVEN AS MODIFIED:          _____
WITHDRAWN:                  _____
REFUSED:                    _____

## PROPOSED JURY INSTRUCTION NO. 25
### DUTY TO DELIBERATE
### WHEN PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous--in other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just

because others think differently or because you simply want to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.


AUTHORITY:          11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.8.1.

GIVEN:                                  _____
GIVEN AS MODIFIED:          _____
WITHDRAWN:                       _____
REFUSED:                              _____

**PROPOSED JURY INSTRUCTION NO. 26**
**ELECTION OF FOREPERSON**
**EXPLANATION OF VERDICT FORM(S)**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer.  The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time.  That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.


AUTHORITY:        11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 8.

GIVEN:                               _____
GIVEN AS MODIFIED:          _____
WITHDRAWN:                       _____
REFUSED:                            _____

**PROPOSED JURY INSTRUCTION NO. 27**
**"EMPLOYER" DEFINED BROADLY UNDER THE FLSA**
**TO DETERMINE EMPLOYER-EMPLOYEE RELATIONSHIP**

Under the Fair Labor Standards Act, the term "Employer" is defined more broadly than the term would be interpreted in traditional common law application in order to meet the remedial purposes behind the Fair Labor Standards Act.  Liability as an individual employer may be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control.  You must make a determination as to whether the evidence demonstrates that Defendant Ana Matias was Plaintiff's employer during any part of the relevant employment period, as Defendants only agree that Defendant Pardo was Plaintiff's employer.

AUTHORITIES:
*Falk v. Brennan,* 414 U.S. 190 (1973)
*McLaughlin v. Seafood, Inc.*, 867 F.2d 875 (5th Cir. 1989)
*Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991)
*Olivas v. A Little Havana Check Cash, Inc.*, 324 Fed. Appx. 839, 846 (11th Cir. Fla. 2009)

GIVEN:                              _____
GIVEN AS MODIFIED:      _____
WITHDRAWN:                  _____
REFUSED:                         _____

## PROPOSED JURY INSTRUCTION NO. 28
## SLEEPING TIME

Where an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked.

If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted. For enforcement purposes, the rule is that if the employee cannot get at least 5 hours' sleep during the scheduled period the entire time is working time.


AUTHORITY:          29 CFR 785.22 (a) and (b). *Wirtz v. Nurserymen's Supply Co*., 1968 U.S.
                    Dist. LEXIS 10129 (S.D. Fla. July 30, 1968).

                                        GIVEN:                      _____
                                        GIVEN AS MODIFIED:          _____
                                        WITHDRAWN:                  _____
                                        REFUSED:                    _____