UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-23868-Civ-TORRES

CONSENT CASE

ASTRID ELENA CARRILLO BARRAZA,

    Plaintiff,

v.

FRANCISCO BORJA MARTINEZ PRADO,
ANA MATIAS,

    Defendants.
_____/

## ORDER ON MOTION FOR ENTRY OF JUDGMENT

This matter is before the Court on Plaintiff's Motion for Entry of Final Judgment [D.E. 99] filed after entry of the Jury's verdict. The Court has considered the parties' arguments and reviewed extensively the record in the case. Though the record on the liquidated damages issue could be reopened or reconsidered, for now the Court will grant the motion.

    1.    An employer who seeks to avoid liquidated damages bears the burden of proving that its violation was "both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." *Joiner v. City of Macon,* 814 F.2d 1537, 1539 (11th Cir. 1987) (quoting *Reeves v. International Tel. & Tel. Corp.,* 616 F.2d 1342, 1352-53 (5th Cir. 1980)); *Miller v. Paradise of Port Richey, Inc.,* 75 F. Supp. 2d 1342, 1344 (M.D. Fla.1999) (the law is well

settled in the Eleventh Circuit that a prevailing plaintiff is entitled to a mandatory award of liquidated damages unless the district court explicitly finds that the defendant acted in good faith in violating the Fair Labor Standards Act).

2.  An employer who knew or had reason to know that the FLSA applied cannot establish good faith as a defense. *Joiner,* 814 F.2d at 1539 (citing *Reeves,* 616 F.2d at 1352-53). Liquidated damages are hence "mandatory" absent a persuasive showing of good faith. *Joiner,* 814 F.2d at 1539 (citing *EEOC v. First Citizens Bank of Billings,* 758 F.2d 397, 403 (9th Cir.1985)). Liquidated damages under the FLSA "are compensation, not a penalty or punishment." *Overnight Motor Co. v. Missel,* 316 U.S. 572, 583 (1942).

3.  The mandatory nature of this form of compensation to an aggrieved employee was modified by the Portal to Portal Act, which created a discretionary exception if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938." 29 U.S.C. § 260. In applying section 260, a court must always place the burden on the employer to prove the presence of subjective and objective good faith. As the Eleventh Circuit has found, "the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith. In other words, liquidated damages are mandatory absent a showing of good faith." *Joiner,* 814 F.2d at 1539 (citing *EEOC v. First Citizens Bank of Billings,* 758 F.2d 397, 403 (9th Cir. 1985)).

4. Our review of the record shows that there is a strong case to be made that good faith has been shown. At the very least, the Court found Defendant's testimony credible as to his subjective good faith in believing that he was complying with the law by honoring the contract that he and Plaintiff had entered into. But the determination of whether an employer acted in good faith and had reasonable grounds for believing that its act or omissions was not a violation of the FLSA has both a subjective and objective component. *E.g., Friedman v. South Florida Psychiatric Associates, Inc.,* 139 F. App'x 183, 185 (11th Cir. 2005). "Subjective good faith means the employer has an honest intention to ascertain what the FLSA requires and to act in accordance with it." *Id.* We found Defendant's testimony credible on his honest intention.

5. The greater difficulty lies with the objective component of good faith. That analysis requires a legal determination as to whether the employer had reasonable grounds for believing that he did not violate the law based upon the requirements of the FLSA juxtaposed against the facts known to the employer. *See, e.g., Bratt v. County of Los Angeles,* 912 F.2d 1066, 1072 (9th Cir. 1990), *cited with approval in Dybach v. State of Fla. Dep't of Corr.,* 942 F.2d 1562, 1566 (11th Cir. 1991).

6. This legal analysis is more complex. And it also overlaps with the analysis that the Court will have to undertake with respect to Defendants' Rule 50 motions to the extent they challenge Plaintiff's entitlement to judgment as a matter of law following the Court's pretrial determination that the parties' contract was reasonable for purposes of 29 C.F.R. § 552.110(b). The Court reserved ruling on that

argument during the trial, and the issue has not yet been briefed because the parties are, properly, awaiting entry of a final judgment.

7. We exercise our discretion, therefore, to delay a final ruling on the objective good faith component until after consideration of the Rule 50 issues. In addition, Defendants may also seek Rule 59(a)(2) relief on supplementing the record for purposes of the good faith analysis, to the extent additional fact or expert testimony would be attainable on that issue.

8. For now, therefore, we find that Plaintiff's prima facie entitlement to liquidated damages has been established. And we find that, for now, a good faith defense has not been proven to our satisfaction. Final judgment shall thus be entered in accordance with that finding, subject to Rule 50 and 59 reconsideration.

**DONE AND ORDERED** in Chambers at Miami, Florida this 5th day of June, 2015.

/s/  *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge