UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-23868-CIV-TORRES

[CONSENT CASE]

ASTRID ELENA CARRILLO BARRAZA,   )
                                  )
         Plaintiff,               )
   vs.                            )
                                  )
FRANCISCO BORJA MARTINEZ PARDO    )
ANA MATIAS                        )
                                  )
         Defendants.              )
_____   )

**PLAINTIFF'S MOTION FOR RECONSIDERATION
REGARDING PORTION OF [DE 104]**

**COMES NOW** the Plaintiff, through counsel, and hereby files this Motion as follows regarding the Court's Order [DE 104]:

**INTRODUCTION**

1. This matter sounds under the Fair Labor Standards Act.

2. Following a Jury Verdict in favor or the Plaintiff, the Court entered [DE 104], an Order on Motion for Entry of Judgment. Pursuant to [DE 104], the Court also entered a Final Judgment [DE 105], which imposed liquidate damages totaling $20,013.34.

3. However, [DE 104] also includes language delaying a final ruling as to objective good faith. Such language regarding objective good faith allows the Defendants to later supplement the record regarding the issue of objective good faith including "additional fact or expert testimony" concerning same.

4. Plaintiff requests the Court reconsider and vacate such language regarding objective good faith to disallow supplementation of the record with respect to "additional fact or expert testimony".

5. Plaintiff points to the Joint Pretrial Stipulation [DE 39] filed in this matter. Paras. 5, 6 and 7 of the Joint Pretrial Stipulation make it clear that the record regarding liquidated damages (and thus all good faith related matters) was to be established at trial. In Para. 6(C) of the Joint Pretrial Stipulation, the Parties listed "[f]acts regarding whether Defendants acted in good faith" under the section titled "Issues of Fact Which Remain to be Litigated At Trial". Moreover, in Para. 12 of the Joint Pretrial Stipulation, it was stipulated that neither party has any expert witnesses.

## MEMORANDUM OF LAW

A motion *for reconsideration* may be granted upon the showing of one of three grounds: namely, "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lewis v. Michaels Stores, Inc., 2007 U.S. Dist. LEXIS 82700 (M.D. Fla. Nov. 7, 2007).* Citations omitted.

In light of the Joint Pretrial Stipulation [DE 39] as discussed above, it would be error and manifest injustice to allow Defendants to now, post-trial, supplement the record with "additional fact or expert testimony". Although it was agreed that liquidated damages and attorneys' fees were not specifically to be mentioned in front of the Jury, Defendants had their opportunity at trial to question the witnesses and present evidence relevant to good faith. Plaintiff also refers to her motion for entry of final judgment filed on 3/19/15,

and the case law set forth therein. As set forth in Plaintiff's motion for entry of final judgment, Defendants had an opportunity to set forth reasonable grounds for believing its conduct comported with the FLSA, and Defendants, among other things, admitted at trial that they were aware of the applicable minimum wage laws. As set forth in the motion for entry of final judgment, Defendants knew of the applicable minimum wage laws and failed to take any affirmative efforts to ensure compliance. They also stipulated prior to trial, to not utilize expert testimony, that would have otherwise allowed Plaintiff an opportunity to address same during the trial. In addition, any expert Defendants might now try to utilize was not subjected to the discovery process. Para. 12 of the Joint Pretrial Stipulation specifically stipulated that the Parties were not utilizing expert witnesses.

Moreover, in Para. 6(C) of the Joint Pretrial Stipulation, the Parties listed "[f]acts regarding whether Defendants acted in good faith" under the section titled "Issues of Fact Which Remain to be Litigated At Trial". In light of Paras. 5, 6 and 7 of the Joint Pretrial Stipulation, the Court should find that good faith was to be determined post-trial, based on evidence presented at trial.

It would be a manifest injustice and error to now allow the Defendants, post-trial, to supplement the record with respect to "additional fact or expert testimony". *See*, *Lewis supra.* Moreover, as stated, Defendants stipulated that good faith was an issue that was to be addressed at trial, and it was stipulated that the Parties were not utilizing experts. Defendants should be held to their stipulations set forth in the Joint Pretrial Stipulation. Analogously, s*ee, Pearson v. Ecological Science Corp*, 522 F.2d 171 (5th Cir. 1975)(former Fifth Circuit upheld District Court determination that stipulation of

settlement was binding).  *See also, Moss v. Voyager Ins. Cos*., 43 F.Supp.2d 1298, 1304 (M.D. Ala. 1999)(court indicated disregard of a binding stipulation is not acceptable).

**WHEREFORE**, the Plaintiff requests the Court reconsider and vacate the said language in [DE 104] regarding objective good faith to disallow supplementation of the record with respect to "additional fact or expert testimony".

### CERTIFICATE OF CONFERRAL

Defense counsel Carmen Rodriguez, Esq. opposes this Motion.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**
BY:__/s/ K. David Kelly_____
**K. DAVID KELLY, ESQ.**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED SUBSEQUENT TO E-FILING ON 6/9/15 TO THE FOLLOWING:**

**ALL CM/ECF RECIPIENTS**

**CARMEN RODRIGUEZ, ESQ.**
**LAW OFFICES OF CARMEN RODRIGUEZ, P.A.**
**ATTORNEYS FOR DEFENDANTS**
**15715 S. DIXIE HWY, SUITE 411**
**MIAMI, FL 33157**
**FAX: 305-254-6048**

BY:__ /s/ K. David Kelly _____
**K. DAVID KELLY, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-23868-CIV-TORRES

[CONSENT CASE]

ASTRID ELENA CARRILLO BARRAZA,

        Plaintiff,

vs.

FRANCISCO BORJA MARTINEZ PARDO
ANA MATIAS

        Defendants.

_____

# ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING PORTION OF [DE 104]

This cause, having come before the Court on the Plaintiff's above-described motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said motion is granted and therefore:

Upon reconsideration of the Court's Order [DE 104], the Court rules as follows:

_____

_____.

DONE AND ORDERED in chambers in Miami-Dade, Florida, on this _____ day of _____, 20____.

                                                                            _____
                                                                           EDWIN G. TORRES
                                                                           UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record