# EXHIBIT 2

communities, who establish that they are members of, and have a commitment to, a particular recognized religious or nonprofit charitable organization. No salary or remuneration should be paid from a U.S. source, other than an allowance or other reimbursement for expenses incidental to the volunteers' stay in the United States.

b. A "voluntary service program" is an organized project conducted by a recognized religious or nonprofit charitable organization to assist the poor or the needy or to further a religious or charitable cause. The program may not, however, involve the selling of articles and/or the solicitation and acceptance of donations. The burden that the voluntary program meets the Department of Homeland Security (DHS) definition of "voluntary service program" is placed upon the recognized religious or nonprofit charitable organization, which must also meet other criteria set out in the DHS Operating Instructions with regard to voluntary workers.

c. You must assure that the written statement issued by the sponsoring organization is attached to the passport containing the visa for presentation to the DHS officer at the port of entry. The written statement will be furnished by the alien participating in a service program sponsored by the religious or nonprofit charitable organization and must contain DHS required information such as the:

   (1) Volunteer's name and date and place of birth;

   (2) Volunteer's foreign permanent residence address;

   (3) Name and address of initial destination in the United States; and

   (4) Volunteer's anticipated duration of assignment.

# 9 FAM 41.31 N9.2  Members of Board of Directors of U.S. Corporation

(CT:VISA-701;   02-15-2005)

An alien who is a member of the board of directors of a U.S. corporation seeking to enter the United States to attend a meeting of the board or to perform other functions resulting from membership on the board.

# 9 FAM 41.31 N9.3  Personal/Domestic Employees

## 9 FAM 41.31 N9.3-1  Personal/Domestic Employees of U.S. Citizens Residing Abroad

(CT:VISA-1753;   10-21-2011)

Personal or domestic employees who accompany or follow to join U.S. citizen employers who have a permanent home or are stationed in a foreign country and

who are visiting the United States temporarily. The employer-employee relationship existed prior to the commencement of the employer's visit to the United States, provided that you are satisfied that:

   (1) The employee has a residence abroad which he or she has no intention of abandoning;

   (2) The alien has been employed abroad by the employer as a personal or domestic servant for at least six months prior to the date of the employer's admission to the United States;

   (3) In the alternative, the employer can show that while abroad the employer has regularly employed a domestic servant in the same capacity as that intended for the applicant;

   (4) The employee can demonstrate at least one year experience as a personal or domestic servant by producing statements from previous employers attesting to such experience; and

   (5) The employee is in possession of an original contract or a copy of the contract, to be presented at the port of entry, which contains the original signatures of both the employer and the employee.

b. The required employment contract has been signed and dated by the employer and employee and contains a guarantee from the employer that, in addition to the provisions listed in item (5) above, the employee will receive the minimum or prevailing wages whichever is greater for an eight hour work-day. The employment contract must also reflect any other benefits normally required for U.S. domestic workers in the area of employment. The employer will give at least two weeks' notice of his or her intent to terminate the employment, and the employee need not give more than two weeks' notice of intent to leave the employment.

## 9 FAM 41.31 N9.3-2  Personal/Domestic Employees of U.S. Citizens on Temporary Assignment in United States

*(CT:VISA-1753;  10-21-2011)*

a. Personal or domestic employees who are accompanying or following to join U.S. citizen employers temporarily assigned to the United States provided you are satisfied that:

   (1) The employee has a residence abroad which he or she has no intention of abandoning;

   (2) The alien has been employed abroad by the employer as a personal or domestic servant for at least six months prior to the date of the employer's admission to the United States;

   (3) In the alternative, the employer can show that while abroad the employer has regularly employed a domestic servant in the same capacity as that

intended for the applicant;

(4) The employee can demonstrate at least one year experience as a personal or domestic servant by producing statements from previous employers attesting to such experience; and

(5) The employee is in possession of an original contract or a copy of the contract, to be presented at the port of entry, which contains the original signatures of both the employer and the employee.

b. The U.S. citizen employer is subject to frequent international transfers lasting two years or more as a condition of the job as confirmed by the employer's personnel office and is returning to the United States for a stay of no more than four years. The employer will be the only provider of employment to the domestic employee and will provide the employee free room and board and a round trip airfare as indicated under the terms of the employment contract; and

c. The required employment contract has been signed and dated by the employer and employee and contains a guarantee from the employer that, in addition to the provisions listed in item (b) above, the employee will receive the minimum or prevailing wages whichever is greater for an eight hour work-day. The employment contract must also reflect any other benefits normally required for U.S. domestic workers in the area of employment. The employer will give at least two weeks' notice of his or her intent to terminate the employment, and the employee need not give more than two weeks' notice of intent to leave the employment.

## 9 FAM 41.31 N9.3-3  Personal Employees of Foreign Nationals in Nonimmigrant Status

*(CT:VISA-1034;   09-24-2008)*

A personal or domestic employee who accompanies or follows to join an employer who is seeking admission into, or is already in, the United States in B, E, F, H, I, J, L, M, O, P, or Q nonimmigrant status, must meet the following requirements:

(1) The employee has a residence abroad which he or she has no intention of abandoning (notwithstanding the fact that the employer may be in a nonimmigrant status which does not require such a showing);

(2) The employee can demonstrate at least one year's experience as a personal or domestic employee;

(3) The employee has been employed abroad by the employer as a personal or domestic employee for at least one year prior to the date of the employer's admission to the United States;

OR

If the employee-employer relationship existed immediately prior to the time of visa application, the employer can demonstrate that he or she has

regularly employed (either year-round or seasonally) personal or domestic employees over a period of several years preceding the domestic employee's visa application for a nonimmigrant B-1 visa;

(4) The employer and the employee have signed an employment contract which contains statements that the employee is guaranteed the minimum or prevailing wages, whichever is greater, and free room and board, and the employer will be the only provider of employment to the employee;

(5) The employer must pay the domestic's initial travel expenses to the United States, and subsequently to the employer's onward assignment, or to the employee's country of normal residence at the termination of the assignment.

## 9 FAM 41.31 N9.3-4  Personal Employees/Domestics of Lawful Permanent Residents (LPRs)

*(CT:VISA-701;   02-15-2005)*

Personal employees of all lawful permanent residents (LPRs), including conditional permanent residents and LPRs who have filed a Form N-470, Application to Preserve Residence for Naturalization Purposes, must obtain permanent resident status, as it is contemplated that the employing LPR is a resident of the United States.

## 9 FAM 41.31 N9.3-5  Source of Payment to B-1 Personal Employees/Domestics

*(CT:VISA-701;   02-15-2005)*

The source of payment to a B-1 personal or domestic employee or the place where the payment is made or the location of the bank is not relevant.

## 9 FAM 41.31 N9.3-6  Consular Officer Responsibilities in Processing Applications Under the William Wilberforce Trafficking Victims Protection Act

*(CT:VISA-2046;   10-17-2013)*

a. The William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (WWTVPRA) requires you to ensure that an alien applying for a B-1 nonimmigrant visa (NIV) as a personal or domestic servant accompanying or following to join an employer, is made aware of his or her legal rights under Federal immigration, labor, and employment laws.  This includes information on the illegality of slavery, peonage, trafficking in persons, sexual assault, extortion, blackmail, and worker exploitation in the United States.  At the time of the NIV interview, you must confirm that a pamphlet prepared by the Department detailing this information has been received, read, and understood

Case 1:12-cv-23868-EGT Document 108-2 Entered on FLSD Docket 06/24/2015 Page 6 of 6
**UNCLASSIFIED (U)**
U.S. Department of State Foreign Affairs Manual Volume 9
Visas

by the applicant. See 9 FAM 41.21 N6.8 for information about WWTVPRA enforcement and consular officer responsibilities. Consular officers must add a mandatory case note in the NIV system stating the pamphlet was provided and the applicant indicated that s/he understood its contents.

b. If a B-1 personal employee/domestic applicant is eligible for an in-person interview waiver (see 9 FAM 41.102 N3) and the applicant's previous visa was issued at a time when post was adhering to the WWTVPRA requirements, post may apply the fingerprint reuse/interview waiver policies and ensure a copy of the pamphlet is returned to every issued applicant along with his/her visa.

## 9 FAM 41.31 N9.4  Professional Athletes

*(CT:VISA-1753;   10-21-2011)*

a. Professional athletes, such as golfers and auto racers, who receive no salary or payment other than prize money for his or her participation in a tournament or sporting event.

b. Athletes or team members who seek to enter the United States as members of a foreign-based team in order to compete with another sports team should be admitted provided:

   (1) The foreign athlete and the foreign sports team have their principal place of business or activity in a foreign country;

   (2) The income of the foreign-based team and the salary of its players are principally accrued in a foreign country; and

   (3) The foreign-based sports team is a member of an international sports league or the sporting activities involved have an international dimension.

c. Amateur hockey players who are asked to join a professional team during the course of the regular professional season or playoffs for brief try-outs. The players are draft choices who have not signed professional contracts, but have signed a memorandum of agreement with a National Hockey League (NHL)-parent team. Under the terms of the agreement, the team will provide only for incidental expenses such as round-trip fare, hotel room, meals, and transportation. At the time of the visa application or application for admission to the United States, the players must provide a copy of the memorandum of agreement and a letter from the NHL team giving the details of the try-outs. If an agreement is not available at that time, a letter from the NHL team must give the details of the try out and state that such an agreement has been signed.

**9 FAM 41.31 Notes** Page 12 of 31
**UNCLASSIFIED (U)**