UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-23868-CIV-TORRES

CONSENT CASE

ASTRID ELENA CARRILLO BARRAZA,

    Plaintiff,

v.

FRANCISCO BORJA MARTINEZ PARDO
ANA MATIAS,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING PORTION OF [DE 104]

Defendants, FRANCISCO BORJA MARTINEZ PARDO ("Pardo") and ANA MATIAS ("Matias"), through their undersigned counsel, Law Offices of Carmen Rodriguez, P.A., file this Response to Plaintiff's Motion for Reconsideration Regarding Portion of [DE 104], and state as follows:

Following Plaintiff's Motion for Entry of Final Judgment [DE 99], the Court entered an Order on Motion for Final Judgment [DE 104] and Final Judgment [DE 105] in this matter. In its Order on Motion for Final Judgment, the Court found that its legal analysis of the objective component of good faith on liquidated damages overlaps with the analysis that it would undertake on Defendants' Rules 50 and 59 motions. [DE 104 at ¶¶5-6], and stated:

> We exercise our discretion, therefore, to delay a final ruling on the objective good faith component until after consideration of the Rule 50 issues. In addition, Defendants may also seek Rule 59(a)(2) relief on supplementing the record for purposes of the good faith analysis,

>>to the extent additional fact or expert testimony would be attainable on that issue.

[DE 104 at ¶7]. Thereafter, Plaintiff filed a Motion for Reconsideration requesting that the Court vacate the language regarding good faith to disallow supplementation of the record. [DE 106 at p.4].

Plaintiff's position is wrong based on a simple reading of Rule 59. Specifically, Rule 59(a)(2) provides that "the court may ... open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Thus, under the plain language of the rule, the Court has discretion to open Final Judgment and consider additional fact or expert testimony for the purposes of the good faith analysis. *See Turner v. Neptune Towing & Recovery, Inc.*, 2011 U.S. Dist. LEXIS 123974 at *2 (M.D. Fla. Oct. 26, 2011) ("Rule 59(a)(2) provides the Court with discretion to 'open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of new judgment."). In sum, the Court's exercise of the discretion granted to it under Rule 59 is clearly not "a manifest injustice and error" and Plaintiff's motion must be denied.

WHEREFORE, in light of the foregoing, Defendants, FRANCISCO BORJA MARTINEZ PARDO and ANA MATIAS, respectfully request that this Court deny Plaintiff, Astrid Elena Carrillo Barraza's, Motion for Reconsideration Regarding Portion of [DE 104], and deny the relief requested therein.

Dated: June 25, 2015
      Miami, Florida

Respectfully submitted,

s/Carmen Rodriguez
Carmen Rodriguez (Florida Bar No. 710385)
Attorney's Email Address: crpa@crlaborlawfirm.com
Law Offices of Carmen Rodriguez, P.A.
Palmetto Bay Centre
15715 South Dixie Highway, Suite 411
Miami, Florida 33157-1884
Telephone: (305) 254-6101
Facsimile: (305) 254-6048
Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by electronic mail on June 25, 2015 on all counsel or parties of record on the Service List below.

s/Carmen Rodriguez
Carmen Rodriguez

## SERVICE LIST

| | |
|---|---|
| Jamie H. Zidell, Esquire<br>Florida Bar No. 10121<br>E-mail address: zabogado@aol.com<br>300 71st Street, Ste. 605<br>Miami Beach, Florida 33141<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7167<br>Attorney for Plaintiff | Carmen Rodriguez, Esquire<br>Florida Bar No. 710385<br>E-mail address: crpa@crlaborlawfirm.com<br>Law Offices of Carmen Rodriguez, P.A.<br>15715 S. Dixie Highway, Suite 411<br>Miami, Florida 33157-1884<br>Telephone: (305) 254-6101<br>Facsimile: (305) 254-6048<br>Attorneys for Defendants |