UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-23868-CIV-TORRES

[CONSENT CASE]

ASTRID ELENA CARRILLO BARRAZA,   )
                                 )
        Plaintiff,                )
    vs.                           )
                                 )
FRANCISCO BORJA MARTINEZ PARDO   )
ANA MATIAS                       )
                                 )
        Defendants.               )
_____  )

**PLAINTIFF'S REPLY TO RESPONSE TO MOTION FOR RECONSIDERATION REGARDING PORTION OF [DE 104]**

**COMES NOW** the Plaintiff, through counsel, and hereby replies to [DE 109] as follows:

**INTRODUCTION**

**MEMORANDUM OF LAW**

1. A motion *for reconsideration* may be granted upon the showing of one of three grounds: namely, "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lewis v. Michaels Stores, Inc., 2007 U.S. Dist. LEXIS 82700 (M.D. Fla. Nov. 7, 2007).* Citations omitted.

2. In light of the Joint Pretrial Stipulation [DE 39] as discussed in Plaintiff's Motion, above, it would be error and manifest injustice to allow Defendants to now, post-trial, supplement the record with "additional fact or expert testimony". Para. 12 of the Joint Pretrial Stipulation specifically stipulated that the Parties were not utilizing expert

witnesses. Moreover, in Para. 6(C) of the Joint Pretrial Stipulation, the Parties listed "[f]acts regarding whether Defendants acted in good faith" under the section titled "Issues of Fact Which Remain to be Litigated At Trial". In light of Paras. 5, 6 and 7 of the Joint Pretrial Stipulation, the Court should find that good faith was to be determined post-trial, based on evidence presented at trial. Defendants' Response does not explain why they should not be held to their stipulations. *See, Moss v. Voyager Ins. Cos.*, 43 F.Supp.2d 1298, 1304 (M.D. Ala. 1999)(court indicated disregard of a binding stipulation is not acceptable).

3. Plaintiff would have otherwise had an opportunity to address expert testimony at trial, and there was not opportunity to depose any expert who was not otherwise subjected to the discovery process. This Court's Order Setting Civil Trial [DE 75] ordered that expert discovery concluded as of 12/29/14. Also, Defendants did not disclose any expert as required by the Federal Rules of Civil Procedure or submit a report: "[u[nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." *See*, Fed. R. Civ. P. 26(a)(2)(A)-(B).

4. Defendants' argument merely points to the Court's discretion under Rule 59, however allowing Defendants to supplement the record at this point post-trial would amount to an error and injustice under *Lewis, supra.* "After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a

new judgment." *Harrison Mfg., LLC v. Bienias*, No. 4:11-CV-00065, 2013 WL 5149271, at *1 (S.D. Ind. 2013). In the instant matter, Plaintiff demanded and was afforded a jury trial. Although it was agreed that liquidated damages and attorneys' fees were not specifically to be mentioned in front of the Jury, Defendants had their opportunity at trial to question the witnesses and present evidence relevant to good faith, and they stipulated that no experts were being called and none were otherwise disclosed during the entire litigation.

**WHEREFORE**, the Plaintiff requests the Court reconsider and vacate the said language in [DE 104] regarding objective good faith to disallow supplementation of the record with respect to "additional fact or expert testimony".

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**
**BY:__/s/ K. David Kelly_____**
**K. DAVID KELLY, ESQ.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED SUBSEQUENT TO E-FILING ON 6/26/15 TO THE FOLLOWING:

ALL CM/ECF RECIPIENTS

CARMEN RODRIGUEZ, ESQ.
LAW OFFICES OF CARMEN RODRIGUEZ, P.A.
ATTORNEYS FOR DEFENDANTS
15715 S. DIXIE HWY, SUITE 411
MIAMI, FL 33157
FAX: 305-254-6048

BY:__ /s/ K. David Kelly _____
K. DAVID KELLY, ESQ.