UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  12-23868-CIV-TORRES

[CONSENT CASE]

| | |
|---|---|
| ASTRID ELENA CARRILLO BARRAZA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| FRANCISCO BORJA MARTINEZ PARDO | ) |
| ANA MATIAS | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF
LAW OR ALTERNATIVELY MOTION TO AMEND FINAL JUDGMENT
WITH INCORPORATED MEMORANDUM OF LAW**

**COMES NOW** the Plaintiff, through undersigned counsel, and responds to the

Defendants' above-described Motion "JMOL Motion" filed as [DE 108] as follows:

**INTRODUCTION**

1. This matter sounds under the Fair Labor Standards Act and Florida law regarding

   alleged minimum wage violations.

2. Following a Jury Verdict in favor or the Plaintiff, the Court entered [DE 104], an

   Order on Motion for Entry of Judgment.  Pursuant to [DE 104], the Court also

   entered a Final Judgment [DE 105], which imposed liquidate damages totaling

   $20,013.34.

3.   However, [DE 104] also includes language reserving further ruling as to
objective good faith.  Such language regarding objective good faith allows the
Defendants to later supplement the record regarding the issue of objective good
faith including "additional fact or expert testimony" concerning same.
Defendants seek a judgment as a matter of law that finds that the Parties'
employment contract was a reasonable agreement to compensate the Plaintiff.

4.  The Jury specifically found, as indicated on the Verdict Form [DE 97], that the
greater weight of the evidence did not demonstrate "a reasonable agreement to
compensate the Plaintiff".[1]  For the reasons set forth below, the Court should not
grant a judgment as a matter of law in Defendants' favor.

5.  Also, in its Order on Motion for Entry of Judgment [DE 104], the Court in Para. 6
stated that it reserved ruling on the issue of Defendants' JMOL Motion requesting
the Court to find that the employment contract was reasonable.  In [DE 104] this
Court found that such issue overlaps with the objective component of good faith,
and that it first needs to consider the Rule 50 issues.[2]  Defendants alternatively

---

[1] "An employer who violates the FLSA's overtime provision carries the burden of proving
its entitlement to the safe harbor. *Joiner v. City of Macon,* 814 F.2d 1537, 1539 (11th
Cir.1987). To satisfy the good faith requirement, an employer must show that it acted
with both objective and subjective good faith. *Dybach,* 942 F.2d at 1566–67." *Rodriguez
v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008).  Also "[s]ince
defendants seek to benefit from Section 785.23, it is their "burden of proving 'plainly and
unmistakably,' that (1) there was an agreement to compensate [plaintiff] for [his]
overtime work ..., and (2) the agreement was 'reasonable,' having taken into account 'all
of the pertinent facts.' *Leever v. City of Carson,* 360 F.3d 1014, 1018 (9th Cir.2004);
*Garofolo,* 405 F.3d at 199–200." *De Guzman v. Parc Temple LLC*, 537 F. Supp. 2d
1087, 1091 (C.D. Cal. 2008).

[2] [DE 104] states that objective good faith "requires a legal determination as to whether
the employer had reasonable grounds for believing that he did not violate the law based
upon the requirements of the FLSA juxtaposed against the facts known to the employer.
*See, e.g., Bratt v.County of Los Angeles,* 912 F.2d 1066, 1072 (9th Cir. 1990), *cited with*

ask the Court to amend the final judgment to reflect that Plaintiff is not entitled to liquidated damages with respect to the issue of objective good faith.  In [DE 104] the Court held that "for now, a good faith defense has not been proved", but stated the Defendants may later supplement the record with additional facts or expert testimony relevant to the good faith analysis.  As to [DE 104]'s language regarding supplementing the record, Plaintiff filed a motion for reconsideration on 6/9/15 and the corresponding reply dated 6/26/15.  However, the Court has since denied the motion for reconsideration.  Consequently, in [DE 104] the Court already found that "for now, a good faith defense has not been proved", and although the motion for reconsideration has been denied, any amendment to the Final Judgment regarding liquidated damages would not be justified as the defense has not supplemented the record as to good faith (and thus no basis has been set forth justifying an amendment by the Court).

6. It is undisputed that Defendants procured "the agreement" to get Plaintiff a work Visa, and not for the purpose of complying with the minimum wage laws under the FLSA and Florida law.

## MEMORANDUM OF LAW AND ARGUMENT

A. Rule 50 Motion for Judgment as a Matter of Law Standard.

As stated in *Levin v. City of Palm Beach Gardens City Attorney's Office*, 303 Fed. Appx. 847 (11th Cir. 2008), "[w]e review the grant of a Rule 50 motion for judgment as a matter of law *de novo*, applying the same standards as the district court. *Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000).  Judgment as a matter of law is warranted '[i]f a

_____

*approval in Dybach v. State of Fla. Dep't of Corr.,* 942 F.2d 1562, 1566 (11th Cir. 1991)."

party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . .' Fed.R.Civ.P. 50(a)(1). 'Although we look at the evidence in the light most favorable to the non-moving party, the non-movant must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts.' *Abel*, 210 F.3d at 1337." As set forth below, there was more than a mere scintilla of evidence that allowed the Jury to find in Plaintiff Barraza's favor.

B.    <u>The Jury Correctly Determined the Agreement was not Reasonable and there is  no Basis for an Amended Final Judgment.</u>

It is undisputed that Defendants procured "the agreement" to get Plaintiff a work Visa, and not for the purpose of complying with the minimum wage laws under the FLSA and Florida law.  The Jury specifically found, as indicated on the Verdict Form [DE 97], that the greater weight of the evidence did not demonstrate "a reasonable agreement to compensate the Plaintiff".  It was proper to allow the Jury to make the determination as to whether the agreement was reasonable.

As Plaintiff explained in her trial brief filed on 3/17/15, a jury is charged with the determination as to whether an agreement is "reasonable" pursuant to 29 C.F.R. § 785.23 because it is a question of fact.  *All of the pertinent facts* must be considered when determining if an agreement is reasonable, and it is reversible error to not consider these facts.  *Leever v. Carson City*, 360 F.3d 1014, 1021 (9th Cir. 2004).  "29 C.F.R. § 785.23 requires employers to take into account 'all the pertinent facts' when forming an agreement pursuant to §785.23, and the number of hours actually worked is clearly 'pertinent' to the question of how much compensation ought to be paid for that work." *Id.* at 1020-21*, citing* Dep't of Labor, Wage & Hour Div., Op. Ltr., 1993 WL 901171

(Aug. 11, 1993).  Since a reasonable agreement must weigh the veracity of many facts, including "hours actually worked", the jury as the trier of fact must determine the reasonableness of the agreement.

If there is a genuine issue of material fact at issue in regard to the agreement, a judge may not make a determination as to the reasonableness of an agreement. *E.x. Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1159 (C.D. Cal. 2000); *De Guzman v. Parc Temple LLC*, 537 F. Supp. 2d 1087, 1092 (C.D. Cal. 2008)("Thus, there is a material fact in dispute regarding the number of hours plaintiff worked per day and each week that precludes granting summary judgment to defendants.").

In *Rudolph v. Metro. Airports Comm'n*, the Court of Appeals for the 8th Circuit was analyzing a jury determination as to the reasonableness of an agreement which was used in regard to § 785.23. 103 F.3d 677, 683 (1996).  The court overturned the decision, but not because the matter should not have been brought to the jury, but because "no reasonable jury could accept Lindquist's statements instead of the documented proof of an agreement and its terms." *Id.*  In the case at bar, Defendants cannot argue that no reasonable Jury could accept Plaintiff's testimony that she actually worked hours that were in contrast to those hours set forth in the agreement, and that the agreement unreasonably failed to set forth an accurate number of hours the Plaintiff would actually have to work.  In the instant case, in [DE 35] at 6, this Court found that "the determination of whether time spent waiting is compensable is highly factual." Moreover, Judge King found that "[t]here is no agreement between the parties as to the hours during which Plaintiff was working or was on personal time.  While the contract may be some evidence of the hours, Plaintiff argues that the contract is not representative

of what actually transpired.   Accordingly, the facts relevant to determining the compensable hours are highly disputed.  This genuine issue of material fact precludes the granting of summary judgment."

Plaintiff also points to the Spanish language version of the agreement already filed on the docket [DE 17-1], and also the English version filed as [DE 33-1].  Plaintiff refers to [DE 33-1] and notes that several paragraphs are missing—on Page 1 after Para. "FIVE" of the agreement, the next paragraph skips to "Eight", "NINE" etc.   The Defendant was questioned at trial regarding the missing paragraphs, and he testified that he did not know the reason.[3]  Thus the Jury heard such testimony and had the opportunity to factor such into its analysis concerning the issue of whether the agreement was reasonable.  As stated, Judge King found in his summary judgment order that "[t]here is no agreement between the parties as to the hours during which Plaintiff was working or was on personal time.  While the contract may be some evidence of the hours, Plaintiff argues that the contract is not representative of what actually transpired.  Accordingly, the facts relevant to determining the compensable hours are highly disputed.   This genuine issue of material fact precludes the granting of summary judgment."  [DE 35] at 6.

In accordance with *Leever, supra*, the Jury in the case at bar heard the evidence at trial and considered all of the facts in determining that agreement was not reasonable. Defendants primarily point to Plaintiff's deposition testimony to support their arguments; in FN1 of the JMOL Motion, Defendants explain that Defendants filed Plaintiff's

---

[3] In fact, Defendants produced a copy of "the Agreement" several months after his deposition occurred.  At this deposition, Defendant Pardo testified that he did not know if he had a copy of it at all-he said he would have to look for it and that it might be at the consulate.  Pardo Deposition, P15, L6-16.

deposition transcript in support of their motion for summary judgment, and portions of that deposition testimony were "read at trial".

Consequently, Defendants have not filed the Trial Transcript in support of the instant Motion; rather they rely on deposition testimony which was already considered by this Court during the summary judgment proceedings.  The Court "generally does not order a transcript of the entire trial in order to rule on a Rule 50 motion, but instead relies on its bench notes and recollection *as well as the assertions of counsel for the non-moving party*[]."  *Pozzi Window Co. v. Auto-Owners Ins. Co.*, 429 F. Supp. 2d 1311, 1316 (S.D. Fla. 2004) *aff'd in part, question certified sub nom. Pozzi Window Co. v. Auto-Owners Ins.*, 446 F.3d 1178 (11th Cir. 2006) *certified question answered sub nom. Auto-Owners Ins. Co. v. Pozzi Window Co.*, 984 So. 2d 1241 (Fla. 2008) and *aff'd in part and remanded sub nom. Pozzi Window Co. v. Auto Owners Ins.*, 294 F. App'x 588 (11th Cir. 2008)(emphasis added)(internal quotations omitted). Consequently, since Defendants have not filed the Trial Transcript in support of their Motion, in deciding the Defendants' Motion this Court should rely on the assertions herein made by Plaintiff's counsel (the non-moving party) as to the evidence that was presented at trial.

As stated, throughout the JMOL Motion Defendants cite to Plaintiff's deposition testimony, but no citations are made to the Trial Transcript.  In light of same, Plaintiff again points to Judge King's Order Denying Defendants' Motion for Summary Judgment [DE 35], and draws attention to Page 6 where this Court analyzed the factors under *Lurvey v. Metro Dade Cnty.*, 870 F.Supp. 1570 (S.D. Fla. 1994).  In their JMOL Motion, Defendants do not address *Lurvey* or the Court's discussion of same.  In [DE 35] at 6, this Court found that "the determination of whether time spent waiting is compensable is

highly factual."  Moreover, Judge King found that "[t]here is no agreement between the parties as to the hours during which Plaintiff was working or was on personal time. While the contract may be some evidence of the hours, Plaintiff argues that the contract is not representative of what actually transpired.   Accordingly, the facts relevant to determining the compensable hours are highly disputed.  This genuine issue of material fact precludes the granting of summary judgment."

Defendants in their JMOL Motion seem to argue that the agreement was the only evidence that the Jury was entitled to consider, and that they had to ignore any other testimony concerning Plaintiff's work hours that were in addition to those set forth in the agreement, even to the extent the testimony showed that the agreement (when made) unreasonably failed to take into consideration the hours Plaintiff would actually work in relation to personal time.  At trial Defendants had an opportunity to try and convince the Jury that Plaintiff was properly paid for all compensable hours, and that the agreement when made reasonably contemplated the hours Plaintiff would actually have to perform compensable work.  In light of the evidence at trial, the Jury found that the evidence did not demonstrate "a reasonable agreement to compensate the Plaintiff"; thus they awarded her damages for unpaid minimum wages.

In the case at bar, at trial the Jury had an opportunity to hear testimony about the hours Plaintiff actually worked and found that based on same that the agreement was not reasonable. As stated in *Leever*:

> Apart from stating that "all of the pertinent facts" should be taken into consideration, the regulation does not specify what facts must be taken into consideration when forming an agreement under § 785.23. The cases interpreting the regulation, however, suggest that, at a minimum, an agreement must take into account some approximation **of the number of hours actually worked** by the employee or that the employee could

reasonably be required to work. […]  Letter Opinions of the Wage and Hour Administrator also indicate that the *very purpose* of an agreement pursuant to § 785.23 is to approximate the number of overtime hours actually worked. […] Finally, requiring parties to approximate the number of hours worked when forming an agreement pursuant to § 785.23 is consistent with the purpose of the FLSA, which is to ensure that employees are paid for "all hours worked [internal citations omitted, emphasis in original]."

360 F.3d 1014, 1019-20 (9th Cir. 2004); *see Oliver v. Portside Care Ctr., LLC*, No. 6:10-CV-1106-ORL-31, 2012 WL 72711, at 4 (M.D. Fla. Jan. 10, 2012)("if it is shown that [Plaintiff] was working every minute she was on the Defendants' premises, the FLSA entitles her to be compensated accordingly" even if the agreement is inconsistent with those hours); *see also Brigham v. Eugene Water & Electric Bd.*, 357 F.3d 931, 942 (9th Cir. 2004) ("[T]he parties' agreement is just the starting point of the FLSA overtime analysis ... - not its conclusion.").  Defendants in their JMOL Motion argue that the agreement was reasonable because it indicates Plaintiff was to work (8) hours per day and (6) days per week.  However, Defendants ask the Court to completely remove any consideration at all regarding the hours that Plaintiff testified she actually worked,[4] and whether the agreement unreasonably failed to take into consideration compensable versus personal time.  As Judge King found in [DE 35], "[t]here is no agreement between the parties as to the hours during which Plaintiff was working or was on personal time. While the contract may be some evidence of the hours, Plaintiff argues that the contract is not representative of what actually transpired.   Accordingly, the facts relevant to determining the compensable hours are highly disputed.  This genuine issue of material

---

[4] At trial, Plaintiff explained in detail her job duties taking care of Defendant's two daughters after Defendant Pardo's first wife passed away, in addition to her housekeeping duties, and how Plaintiff tended to Defendant's wife while she was sick and hospitalized.

fact precludes the granting of summary judgment." The Jury took such into consideration, and found that the agreement was not reasonable.

"Section 785.23 envisions some jobs in which the exact numbers of hours worked are difficult to determine due to the employee residing on his employer's premises." *Gaby v. Omaha Home for Boys*, 140 F.3d 1184, 1187 (8th Cir. 1998). The rule, however, is more geared towards circumstances where it is nearly impossible for an employer to have any knowledge as to the amount worked. This administrative intent is apparent through the examples provided by § 785.23 itself, pumper of a stripper well and a telephone operator with a switchboard – circumstances where an employer cannot reasonably be supervised.

In *Gaby*, the employees were "house parents" for boys at a group home. *Id*. There were no supervisors who could observe the employees. 140 F.3d at 1187. The Court found that the statute was appropriately applied, in part because "the majority of witnesses had an interest in the outcome of the litigation." *Id*. When the trial court found that the reasonable amount of time necessary to perform the work was equivocal to the contract terms, then the original contract terms are applied in accordance with § 785.23. Id. In the instant case, it is Plaintiff's position that the amount of time necessary to perform the work was not equivocal to the contract terms, and the agreement unreasonably failed to take into consideration compensable versus personal time.

Section 785.23 has been litigated in a few police "dog handler" cases, in which officers taking care of police dogs while they are at home alleged that they worked more hours than they are actually compensated for. In *Brock v. City of Cincinnati*, the court found that it was particularly difficult to determine how much time was spent caring for

the animals, "[b]ecause of the difficulty in determining the exact hours worked in circumstances where unsupervised employees can divide their time between 'work' and personal pursuits." 236 F.3d 793, 805 (6th Cir. 2001). "Similarly, when 'work' might itself be a personal pursuit [(such as a police officer bonding with a police dog as a pet]), resolving whether particular efforts were expended necessarily and primarily for the benefit of the employer proves so unrealistic that courts should not only accept and enforce reasonable agreements, but should encourage them." *Id.* Even though it was difficult to determine the hours spent working, the 6th Circuit *still* balanced the hours listed on the contract against the testimony, in order to find them to be a reasonable approximation of the time spent. *Id.* at 806.

In this case, the Jury found that that the greater weight of the evidence did not demonstrate "a reasonable agreement to compensate the Plaintiff". *See*, Verdict Form [DE 97]. After hearing the evidence presented at trial, the Jury was advised in the Court's Instructions to the Jury, [DE 94] at 5, that they needed to determine whether "the parties entered into a reasonable agreement to govern their relationship." The instructions explained that a reasonable agreement requires "consideration [of] all the pertinent facts in the employment relationship." *Id*. at 7. Moreover, the instructions stated that "an agreement is reasonable if it took into account some approximation of the number of hours the employee would actually work.[5] If it did, evidence from the employee that she worked more than the amount of time agreed to between the parties *would not preclude you from determining a reasonable agreement* between the parties existed." *Id*. at 7 (emphasis added). Thus, the Jury had the opportunity to hear the

---

[5] Plaintiff consistently testified since this case's inception that she always worked far more than the (8) hours stated in the agreement.

evidence, such as Plaintiff's testimony that she worked far more hours than the (8) hours per day and (6) days per week set forth in the agreement; and it was within the Jury's discretion to decide if such testimony should "preclude" a finding that the agreement was reasonable.  Obviously the Jury decided that Plaintiff did in fact work hours for which she was not paid minimum wages, and decided that such evidence did not preclude them from determining that the agreement was not reasonable when made.  Such is in accordance with the factors under *Lurvey, supra* addressed by Judge King in his summary judgment order.  In [DE 35] at 6, this Court found that "the determination of whether time spent waiting is compensable is highly factual."  Moreover, Judge King found that "[t]here is no agreement between the parties as to the hours during which Plaintiff was working or was on personal time.  While the contract may be some evidence of the hours, Plaintiff argues that the contract is not representative of what actually transpired. Accordingly, the facts relevant to determining the compensable hours are highly disputed.  This genuine issue of material fact precludes the granting of summary judgment."  Consequently, the Jury was permitted to find that the agreement was not reasonable, and that the Plaintiff was not paid for all compensable hours based on the evidence presented at trial.  The instructions explained to the Jury that it should find the agreement was reasonable on the Verdict Form if it found that "an agreement existed that was reasonable *and took into consideration all the pertinent facts when agreed to*…." [DE 94] at 8 (emphasis added).  The Jury's finding that the agreement was not reasonable is in accordance with Judge King's summary judgment order which found that "[t]here is no agreement between the parties as to the hours during which Plaintiff was working or was on personal time." *See,* [DE 35] at 6.

"29 C.F.R. § 785.23 requires employers to take into account 'all the pertinent facts' when forming an agreement pursuant to §785.23, and the number of hours actually worked is clearly 'pertinent' to the question of how much compensation ought to be paid for that work." *Id.* at 1020-21*, citing* Dep't of Labor, Wage & Hour Div., Op. Ltr., 1993 WL 901171 (Aug. 11, 1993).  At trial, the Jury heard all of the evidence regarding the hours Plaintiff actually worked, and were able to consider all of the pertinent facts that transpired when the agreement was made.  It was within the Jury's discretion to decide whether the evidence showed that the agreement between the parties (when agreed to) did not reasonably contemplate or address the hours during which Plaintiff would actually be working or otherwise taking personal time.

Defendants alternatively ask the Court to amend the final judgment to reflect that Plaintiff is not entitled to liquidated damages with respect to the issue of objective good faith.  In [DE 104] the Court held that "for now, a good faith defense has not been proved", but stated the Defendants may later supplement the record with additional facts or expert testimony relevant to the good faith analysis.  As to [DE 104]'s language regarding supplementing the record, Plaintiff filed a motion for reconsideration on 6/9/15 and the corresponding reply dated 6/26/15.  However, the Court has since denied the motion for reconsideration.  Consequently, in [DE 104] the Court already found that "for now, a good faith defense has not been proved", and although the motion for reconsideration has been denied, any amendment to the Final Judgment regarding liquidated damages would not be justified as the defense has not supplemented the record as to good faith (and thus no basis has been set forth justifying an amendment by the Court).

WHEREFORE, THE DEFENDANTS' MOTION SHOULD BE DENIED.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**

BY:_____/s/ **K. David Kelly**_____
**K. DAVID KELLY, ESQ.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED SUBSEQUENT TO E-FILING ON 7/2/15 TO THE FOLLOWING:**

**ALL CM/ECF RECIPIENTS**

**CARMEN RODRIGUEZ, ESQ.**
**LAW OFFICES OF CARMEN RODRIGUEZ, P.A.**
**ATTORNEYS FOR DEFENDANTS**
**15715 S. DIXIE HWY, SUITE 411**
**MIAMI, FL 33157**
**FAX: 305-254-6048**

BY:__ /s/ **K. David Kelly** _____
**K. DAVID KELLY, ESQ.**