UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-23868-CIV-TORRES

ASTRID ELENA CARRILLA BARRAZA,

    Plaintiff,

vs.

FRANCISCO BORJA MARTINEZ PARDO
and ANA MATIAS,

    Defendants.
_____/

## ORDER

This matter is before the Court on Defendants Francisco Borja Martinez Pardo and Ana Matias's ("Defendants") Renewed Motion for Judgment as a Matter of Law [D.E. 108] that was timely filed in this case and which is ripe for disposition. The Court has reviewed the Motion, Response, Reply, relevant authority, and the record. For the following reasons, Defendants' Motion is **GRANTED**.

### I.   BACKGROUND

This action was filed for alleged violations of the minimum wage requirements of the Fair Labor Standards Act ("FLSA") and Florida Law. Plaintiff Astrid Elena Carrilla Barraza ("Plaintiff") alleged she worked as a live-in housekeeper for Defendants from approximately December 27, 2008, through October 20, 2012. [D.E. 12 at ¶¶ 11 & 15]. In her Amended Complaint, Plaintiff alleged she worked an average of seventy-three hours per week and was paid only $4.10 per hour. *Id.* at ¶ 15. Prior to their employment relationship in the United States, Plaintiff worked for Defendant

Pardo in Colombia until he was relocated to the United States. When Defendant Pardo relocated, he and Plaintiff entered into an employment contract which they submitted to the United States Embassy, Colombia, in order for Plaintiff to receive a visa and work for Defendant Pardo in the United States. [D.E. 33-1]. This contract required Plaintiff to work exclusively for Defendant Pardo for eight hours per day, six days per week, for $1,440 per month and living expenses.[1] Plaintiff met with the Consulate who eventually approved her contract and visa.

Judge King's Order Denying Summary Judgment concluded that a reasonable agreement existed governing the entire employment relationship, but a factual dispute remained over how many hours Plaintiff actually worked precluding summary judgment.[2] [D.E. 35 at 4]. The Summary Judgment Order based its analysis on regulations for "on-call" employees and factors for determining if employees were working while "on-call." [D.E. 35 at 6]. Judge King determined that there was a factual dispute given the factors for determining if an "on-call" employee was working or free to engage in personal activities. *Id.* at 5-6 (citing *Lurvey v. Metro. Dade Cnty.*, 870 F. Supp. 1570, 1576 (S.D. Fla. 1994)). Ultimately, after Defendants' Motion for Summary Judgment was denied, the case went to trial.

At trial, Plaintiff did not put forth any evidence that she or Defendants revised the contract, were aware during her employment of a significant deviation from the

---

[1] The agreement also provided compensation for overtime, Sunday, and holiday work. [D.E. 33-1 at 2].

[2] The Honorable James Lawrence King, United States District Judge, originally presided over this case until the parties consented to the undersigned's jurisdiction. [D.E. 70].

contract, or kept records of the actual hours worked. Plaintiff's testimony at trial established that Plaintiff and Defendant Pardo would regularly perform an accounting of their employment relationship where they would review advances and payments made to Plaintiff in order to ensure Plaintiff was fully compensated. Plaintiff testified that she kept records of her payments, but upon review with Defendant Pardo and both parties' satisfaction, she would destroy that year's records.

After presenting their case, Defendants moved for judgment as a matter of law. Unwilling to take the case from the jury, the court denied the motion to be renewed post trial. The jury nevertheless awarded Plaintiff damages in the sum of $10,006.67 for unpaid wages based on Plaintiff's assertions she worked more hours than allotted in her employment agreement. After the jury returned a verdict in favor of Plaintiff [D.E. 97] and the Court entered final judgment in her favor [D.E. 105], Defendants filed their Renewed Motion for Judgment as a Matter of Law which is presently before the Court [D.E. 108].

## II.   ANALYSIS

### A.   *Standard of Review*

Federal Rule of Civil Procedure 50 is the mechanism for defendants to challenge the sufficiency of a plaintiff's evidence at and after the close of the case:

> (a)(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). "The standard for granting a renewed motion for judgment as a matter of law under Rule 50(b) is precisely the same as the standard for granting the pre-submission motion under 50(a)." *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007) (quoting 9A C. Wright and A. Miller, *Fed. Prac. & Procedure* § 2537 (2d ed. 1995)); *see also Nebula Glass Int'l, Inc. v. Reichhold, Inc.*, 454 F.3d 1203, 1210 (11th Cir. 2006). Further, "any renewal of a motion for judgment as a matter of law under Rule 50(b) must be based on the same grounds as the original request for judgment as a matter of law prior to the case being submitted to the jury." *Chaney*, 483 F.3d at 1227 (quoting *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 903 (11th Cir. 2004)).

Thus, under both Rule 50(a) and 50(b), a moving party must meet a heavy burden in order to prevail on a motion for judgment as a matter of law. The standard of review for a district court to grant the motion is whether "when the facts and inferences are viewed in the light most favorable to the opposing party, 'point so strongly and overwhelmingly in favor of one party the Court believes that reasonable men could not arrive at a contrary verdict.'" *United States v. Vahlco Corp.*, 720 F.2d 885, 889 (11th Cir. 1983) (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969)). The court must "affirm the jury verdict unless there is no legal basis upon which the jury could have found for [the plaintiff]." *Telecom Tech. Servs., Inc. v. Rolm Co.*, 388 F.3d 820, 830 (11th Cir. 2004); *see also Robbins v. Koger Props., Inc.*, 116 F.3d 1441 (11th Cir. 1997) ("A mere scintilla of evidence is not sufficient to support a jury verdict.").

While the court must afford due deference to the jury's findings, it is axiomatic that such findings are not automatically insulated from review by virtue of the jury's careful and conscientious deliberation. *Johnson v. Clark*, 484 F. Supp. 2d 1242, 1245-46 (M.D. Fla. 2007); *see also Reeves v. City of Jackson*, 532 F.2d 491, 494 (5th Cir. 1976) ("If, after full development of the facts the plaintiff's cause is too weak to string the Constitution's bow or unsheath the sword provided for the redress of such grievances . . . it may be washed out . . . by J.N.O.V. after verdict.") . Rule 50 allows the trial court to remove issues from the jury's consideration "when the facts are sufficiently clear that the law requires a particular result." *Weisgram v. Marley Co.*, 528 U.S. 440, 447 (2000). Accordingly, if Plaintiff did not provide a legally sufficient evidentiary basis for a reasonable jury to find in her favor on her claims, we must grant Defendants' motions for judgment as a matter of law. *See Pickett v. Tyson Fresh Meats, Inc.*, 420 F.3d 1272, 1278 (11th Cir. 2005) (citing *Cleveland v. Home Shopping Network, Inc.*, 369 F.2d 1189, 1192 (11th Cir. 2004)).

On the other hand, we must deny Defendants' motion for judgment as a matter of law if Plaintiff presented "enough evidence to create a substantial conflict in the evidence on an essential element" of her claims. *Pickett*, 420 F.3d at 1278 (citing *Bogle v. Orange Cnty. Bd. Of Cnty. Comm'rs*, 162 F.3d 653, 659 (11th Cir. 1998) ("[I]n order to survive a defendant's motion for judgment as a matter of law . . . the plaintiff must present evidence that would permit a reasonable jury to find in the plaintiff's favor on each and every element of the claim.")). To that end, we note that it is not the function of the Court to make credibility or factual determinations under the guise of Rule 50

review. *See Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1281 (11th Cir. 2005). If there are conflicting inferences that can be drawn from that evidence, it is not the Court's role to pick the better one. Instead, all reasonable inferences from the evidence must be drawn in the nonmoving party's favor. *Id.*; *see also Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1325 (11th Cir. 1982) (quoting *Cont'l Ore Co. v. Union Carbide Corp.*, 370 U.S. 690, 696 (1962) ("we are bound 'to give the [plaintiff] the benefit of all inferences which the evidence fairly supports even though contrary inferences might be reasonably drawn'")).

Similarly, if we disagree with the jury's assessment of damages, a federal court has no general authority to reduce the amount of a jury's verdict. *Kennon v. Gilmer*, 131 U.S. 22, 29 (1889). The Seventh Amendment prohibits re-examination of a jury's determination of the *facts*, which includes its assessment of the extent of the plaintiff's injuries. *Id.* at 30 ("[A federal court may not] according to its own estimate of the amount of damages which the plaintiff ought to have recovered, . . . enter an absolute judgment for any other sum than that assessed by the jury."). To do so would deprive the parties of Seventh Amendment right to a jury. *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1329 (11th Cir. 1999).[3] If *legal* error is detected, however, the court has the obligation and the power to correct the error by vacating or reversing the jury's verdict. *Id.* at 1330.

---

[3] When a court finds that a jury's award of damages is excessive, however, it may grant the defendant a new trial or grant the plaintiff the option of a remittitur of damages. *See* Fed. R. Civ. P. 59.

### B.     *A Reasonable Agreement Between the Parties Existed*

Defendants contend that a factual issue did not exist for the jury to consider because a reasonable agreement existed between the parties which governed the determination of number of hours worked. When denying summary judgment, Judge King recognized a reasonable agreement existed between the parties as to the work to be performed, but refused to grant the motion because he found a factual dispute existed about the actual number of hours worked.

With the benefit of a complete trial record, and upon further review, our analysis of the applicable law for live-in employment leads us to the conclusion that if a reasonable agreement existed, the applicable regulations require that the agreement dictates the number of hours worked. Therefore, as further explained below, because we agree with Judge King that a reasonable agreement existed detailing the number of hours to be worked, the jury's contrary finding is beside the point, and Plaintiff was fully compensated for her work under the agreement.

The FLSA requires employers to pay a minimum hourly wage, 29 U.S.C. § 206(a), and overtime wages equal to one and one-half times the employee's regular rate for all work performed in excess of 40 hours per week. 29 U.S.C. § 207(a).[4] Under the FLSA, the general test for measuring whether time is compensable is whether the time is spent "predominantly for the employer's benefit." *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944). In the context of an employee who resides on the employer's premises, the FLSA establishes a presumption that time not spent in actual physical or mental

---

[4] Overtime compensation has never been an issue in the dispute between the parties. *See* 29 C.F.R. § 552.102(a).

exertion is not compensable. This separate standard is sometimes referred to as the "home worker exception" to the standard definition of "hours worked." Under this standard, an employer may exclude payment for the extended periods of inactivity that occur when an employee resides on the premises, because the employee is generally able to carry on a normal routine of living during such periods.

Where an employee resides on the employer's premises or works at home, Department of Labor regulations interpreting the FLSA provide guidance in determining the number of hours worked. Specifically, section 785.23 provides that:

> An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted. This rule would apply, for example, to the pumper of a stripper well who resides on the premises of his employer and also to a telephone operator who has the switchboard in her own home.

29 C.F.R. § 785.23 (internal citations omitted).[5] In other words, "§ 785.23 simply offers a methodology for calculating how many hours the employees actually worked within the meaning of the FLSA." *Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 942 (9th Cir. 2004).

---

[5] Section 785.23 works in conjunction with the recently edited regulation for live-in domestic service employees 29 C.F.R. § 552.102. The current version of section 552.102 directs analysis of an agreement to section 785.23. As such, our analysis of the parties' agreement centers on section 785.23.

Certainty in applying section 785.23 to cases in our district is more difficult because the Eleventh Circuit has not addressed a case under this regulation. Other circuits, however, have been consistent in allowing "the use of a 'reasonable agreement' to determine the number of compensable hours due an employee who works at home or who lives on the employer's premises." *Rudolph v. Metro. Airports Comm'n*, 103 F.3d 677, 681 (8th Cir. 1996) (granting judgment as a matter of law for defendants after jury verdict in favor of plaintiffs based on section 785.23); *see e.g.*, *Brock v. City of Cincinnati*, 236 F.3d 793, 805 (6th Cir. 2001) (reversing verdict for plaintiffs and directing judgment as a matter of law where reasonable agreement existed); *Garofolo v. Donald B. Heslep Assocs., Inc.*, 405 F.3d 194, 200-01 (4th Cir. 2005) (affirming district court's granting of summary judgment where reasonable agreement under section 785.23 existed); *Krause v. Manalapan Twp.*, 486 F. App'x 310, 315 (3d. Cir. 2012) (affirming district court's granting of motion to dismiss where canine police officer collective bargaining agreement controlled number of hours officers worked); *Rousseau v. Teledyne Movible Offshore, Inc.*, 805 F.2d 1245, 1248 (5th Cir. 1984) (affirming district court's dismissal of overtime wage claims where agreement dictated number of hours to be worked on oil derrick barge); *Hendricks v. Okla. Production Ctr. Grp. Homes, Inc.*, 159 F. App'x 875, 877-78 (10th Cir. 2005) (affirming district court's granting of summary judgment where reasonable employment agreement excluded sleep time); *cf. Holzapfel v. Town of Newburgh, N.Y.*, 145 F.3d 516, 527 (2d Cir. 1998) ("while 29 C.F.R. § 785.23 bears no role in this case, we pause to note that this regulation would be a useful tool by which police departments and their K–9 officers

could avoid the very problems at issue here . . . [such as] the difficulty an employer encounters in monitoring the number of off-duty hours a K–9 officer will spend with his assigned dog").

Courts of Appeal from other circuits have consistently held that when a reasonable agreement under 29 C.F.R. § 785.23 exists, a district court is not required to determine the actual number of hours worked in order to enforce the agreement. *See Garofolo*, 405 F.3d at 201 (citing *Rudolph*, 103 F.3d at 684). Imposing a requirement that a district court make a finding regarding the actual number of hours worked "would defeat the purpose of section 785.23." *Id.*

The fact that overtime rights are nonwaivable "does not foreclose, of course, reasonable provisions of contract or custom governing the computation of work hours where precisely accurate computation is difficult or impossible." *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 603 (1944). Section 785.23 embodies this principle by authorizing "the use of a 'reasonable agreement' to determine the number of compensable hours due an employee who works at home or who lives on the employer's premises." *Garofolo*, 405 F.3d at 199 (quoting *Rudolph*, 103 F.3d at 681). As the Sixth Circuit explained in *Brock*:

> Because of the difficulty in determining the exact hours worked in circumstances where unsupervised employees can divide their time between "work" and personal pursuits, "any reasonable agreement of the parties which takes into account all of the pertinent facts will be accepted." 29 C.F.R. § 785.23. Similarly, when "work" might itself be a personal pursuit, resolving whether particular efforts were expended necessarily and primarily for the benefit of the employer proves so unrealistic that courts should not only accept and enforce reasonable agreements, but should encourage them.

*Brock*, 236 F.3d at 805.

The regulation encompasses a wide range of employment relationships and circumstances, and, thus, there is no single generic test for an agreement's "reasonableness" under section 785.23. *Garofolo*, 405 F.3d at 199. "Ultimately, an agreement reached pursuant to section 785.23 is binding if it is reasonable in light of 'all of the pertinent facts' of the employment relationship." *Id.* (quoting *Leever v. City of Carson*, 360 F.3d 1014, 1018 (9th Cir. 2004)). As the party seeking the benefit of section 785.23, an employer defendant bears the burden of proving that the employment agreement at issue was reasonable. *Id.* at 199-200.

An agreement under section 785.23 must take into account some approximation of the actual hours to be worked, or reasonably required to work. *Leever*, 360 F.3d at 1021 (citing *Brock*, 236 F.3d at 807). When evaluating the reasonableness of an agreement under section 785.23, a court must consider the "terms and all of the facts and circumstances of the parties' relationship." *Brock*, 236 F.3d at 806. Likewise, "the actual amount of time spent working [is] 'a reference point for a range of reasonable agreements'" and the range is "'widened by a variety of non-monetary costs and benefits' provided by the employer." *Leever*, 360 F.3d at 1021 (quoting *Brock*, 236 F.3d at 807).

The *Garofolo* case illustrates how section 785.23 effectuates the FLSA in the unique situation where employees live on their employer's premises. *Garofolo*, 405 F.3d at 196. In *Garofolo*, the plaintiffs entered into an employment agreement with the owner of a self-storage facility where the married couple plaintiffs agreed to work forty

hours per week while living in and caring for the storage facility. *Id.* The agreement between the plaintiffs and their employer provided that although the facility was open more than forty hours a week, the couple was free to divide the work and engage in private pursuits, including eating, sleeping, entertaining, and leaving their duties. *Id.* After working for the defendant for years, the *Garofolo* plaintiffs purported that they worked more than forty hours a week, but never made an overtime claim because to do so "doesn't look good." *Id.* at 197. Instead, the Garofolo plaintiffs consistently settled their account with their employer, confirming they worked forty hours per week. They later changed their minds and sued for unpaid wages.

The district court granted summary judgment in favor of defendants on the grounds that the Garofolos were fully compensated under the terms of a reasonable employment agreement between the parties. *Id.* at 195. The Fourth Circuit then concluded that a reasonable agreement existed between the parties, and, therefore, "[s]tanding alone, proof that the Garofolos worked more than 40 hours per week would not preclude summary judgment." *Id.* at 200. The Court based its decision on the simple fact that a reasonable agreement existed between the parties under section 785.23. Additionally, the Court made it clear that a district court need not determine the number of hours actually worked in order to determine if a reasonable agreement existed in a case governed by section 785.23. *Id.* at 201.

We find that the application of section 785.23 to the facts in *Garofolo* is quite instructive for the present case. Like *Garofolo*, an agreement existed that dictated the amount of work an employee was to conduct while working and living on the premises.

Additionally, both agreements included provisions for situations where the employee worked more than the agreement required and needed to be compensated for that work. [D.E. 33-1 at ¶ 9]. Finally, both Plaintiff and the *Garofolo* plaintiffs settled their accounts with their employers without making any claims of additional time worked until well after the fact.

The *Garofolo* case, like ours, presents the exact type of dispute section 785.23 was designed to avoid. Both cases have live-in employees who work unique hours without direct supervision. Both employment situations are completely incompatible with a time card system to record the amount of time worked. Because Plaintiff's situation is substantively the same as that in *Garofolo*, we come to the same conclusion—a reasonable agreement existed under section 785.23 which we must use to calculate the number of hours worked irrespective of the number of hours Plaintiff claims to have worked.

We agree with the other circuits that have concluded that the reasonableness of the agreement is assessed in light of all the surrounding circumstances at the time of entering the agreement. *See Gorofolo*, 405 F.3d at 201; *Brock*, 236 F.3d at 807; *Leever*, 360 F.3d at 1021.[6] Therefore, "[i]t is not enough for plaintiffs to show that they worked more than agreed . . . [t]hey must show that the agreement provided an unreasonably short amount of time to perform the assigned tasks" when it was agreed

---

[6] Because the Eleventh Circuit has yet to address section 785.23, interpretations by other Courts of Appeal addressing substantively similar issues provide highly persuasive guidance. *See Sokol Bros. Furniture Co. v. Comm'r*, 185 F.2d 222, 224 (5th Cir. 1951) ("the decision of another Court of Appeals upon an issue and principle the same is properly entitled to great weight, and itself affords persuasive argument in the determination of the present case").

upon. *Garofolo*, 405 F.3d at 200-01 (quoting *Rudolph*, 103 F.3d at 684). Under section 785.23, an employer is entitled to rely upon employees "to follow the clear terms of their employment agreement," and the fact that an employee ignores the agreement does not create a triable issue of fact concerning the reasonableness of the agreement. Thus, a district court need not make a finding regarding the actual number of hours worked where a reasonable agreement existed. *See id.* at 201.

Plaintiff contends the agreement was unreasonable because she regularly worked more than forty hours per week. As evidence, she relied solely upon her memory, after the fact, for estimating the time she worked. The estimates were not based upon contemporaneous records of actual time worked—as Plaintiff admits she destroyed the written records each year after satisfactorily settling her debts with Defendant Pardo. Her estimates are premised on the assumption that she was to receive compensation for almost every hour that she was awake at Defendants' home. However, in light of the difficulty in separating "work" time from personal time for employees living on site, section 785.23 establishes a presumption that such employees are not working the entire time they are on the premises. *Jarret v. ERC Props., Inc.*, 211 F.3d 1078, 1082 (8th Cir. 2000).

In this case, Plaintiff presented no evidence that the agreement provided insufficient time to perform her duties at Defendants' home. The only evidence Plaintiff presented consists of Plaintiff's estimates from memory showing that she worked more than eight hours a day. Moreover, Plaintiff presented no evidence that either party determined a substantial deviation from the contract existed during the employment

period that they addressed.[7] Defendants were "entitled to rely on [Plaintiff] to follow the clear terms of the agreement." *Rudolph*, 103 F.3d at 684. Therefore, it was irrelevant how many hours Plaintiff actually worked on a given day when there was a reasonable agreement between the parties. The regulation contemplates situations just like this where it is difficult, if not impossible, to determine the exact amount of time worked. *Garofolo*, 405 F.3d at 201.

Plaintiff's service as a live-in housekeeper is the type of position section 785.23 was designed to address. As with decisions from other circuits—focused on oil-strippers who live on premises and work intermittently servicing wells, canine police officers who look after their canines at home after working the beat, and storage facility managers who live at the facility and assist customers when they come and go—Plaintiff's employment presents the same difficulties in calculating hours. As a live-in housekeeper or nanny, when the employer is often out of the house, it would be nearly impossible to accurately keep track of when her efforts were for the employer's benefit or her own. Just like the canine police officer or stripper well worker whose work is interwoven with their personal life, so too is Plaintiff's, who from one minute to the next is jumping back and forth between caring for herself and caring for the house. Thus, it is clear section 785.23 properly governs Plaintiff's employment relationship with Defendants.

---

[7] If the parties determined there was a significant deviation from the agreement, the law protects them by allowing them to enter a new agreement. *See* 29 C.F.R. § 552.102 (b). Plaintiff failed to avail herself of this provision at the proper time when she purposefully destroyed any records of time worked and failed to request a new agreement. Instead, Plaintiff admitted at the end of each year she and Defendant settled their account in full.

Significantly, Plaintiff failed to put forth any evidence that the agreement was unreasonable when entered into.[8] It is undisputed that Plaintiff worked as a live-in housekeeper and nanny for Defendant Pardo in Colombia before executing the agreement to work for him in the United States in the same capacity. Plaintiff, therefore, knew exactly what the job entailed when she entered into the agreement. She has put forth no evidence that either party would have known that eight hours a day was too short a time to perform the tasks required of her when they entered the agreement. In light of all the circumstances surrounding the parties entering the agreement in Colombia, the agreement is clearly reasonable. Plaintiff had extensive previous experience on the job with Defendant Pardo's family, thus, she knew exactly what the job entailed. Further, Plaintiff entered the agreement for the express purpose of satisfying the laws of this country when she went to the consulate for approval of the agreement. A reasonable jury could not conclude that taking care of a house could not be performed within eight hours a day absent a demonstrable showing otherwise.

We find that the Ninth Circuit's decision in *Leever*, 360 F.3d at 1019-20, requires a prospective analysis of the reasonableness of an agreement under section 785.23. In *Leever*, the Ninth Circuit mandated that the actual hours to be worked must be taken

---

[8]   Plaintiff's Response declares that "there was more than a mere scintilla of evidence that allowed the Jury to find in Plaintiff Barraza's favor." [D.E. 115 at 4]. Plaintiff, however, failed, throughout her Response, to identify a single piece of evidence relevant to whether or not the agreement was reasonable when entered into. The citation to Plaintiff's self-serving testimony she worked more hours than allotted in the agreement is irrelevant because it was after the fact. Additionally, the cursory attention given to the misnumbering of the paragraphs also fails to hold water because Plaintiff does not dispute the authenticity or content of the agreement and admits she executed it personally and relied upon it as evidence of her employment agreement.

"into account *when negotiating the agreement.*" *Id.* at 1021 (emphasis added). The district court erred in its reasonableness analysis of an agreement between Carson City and canine police officers because it did not estimate what hours were actually going to be worked by human police officers at home with their canine comrades. Additionally, the parties could not identify the source of the information relied upon in forming their agreement. *Id.* at 1020. Ultimately, the court overturned the district court's conclusion because "one hour per week is 'insufficient for the tasks involved' in performing the duties of a canine officer," due to the fact that the city could not show the agreement was based on a consideration of the actual hours to be worked. *Id.*

As a result, we find Plaintiff's argument that *Leever* requires a retrospective analysis of the actual hours worked under the contract to be incorrect. Plaintiff's Response provides a snippet of *Leever* in which she insists an agreement's reasonableness must be determined retrospectively by considering the "actual hours" worked during employment. [D.E. 115 at 8-9]. Plaintiff takes the phrase "actual hours" out of context and misconstrues it to require a retrospective analysis of reasonableness. If Plaintiff's argument held any water, the retrospective analysis of an agreement would completely undermine the purpose of section 785.23, and create a burden of meticulous timekeeping in situations where to do so is not reasonable or even possible. Contrary to Plaintiff's argument, *Leever*, consistent with other circuits, only stands for the proposition that the parties must estimate the actual hours to be worked instead of agreeing to an arbitrary number. Thus, *Leever* ultimately supports Defendants' position that a reasonable agreement existed governing the parties' employment

relationship due to their unique preexisting employment in Colombia where both parties knew precisely what the job required.

Further, we find this case quite analogous to *Rudolph*, 103 F.3d at 683, and we are also guided by the principles in that case. In *Rudolph*, the Eighth Circuit Court of Appeals overturned the district court's denial of judgment as a matter of law based on the prospective reasonableness of an agreement under section 785.23. *Id.* The Eighth Circuit determined that canine police officers caring for their animals at home entered into a reasonable agreement with their employer that they would work half of an hour with their canine on off-duty days. *Id.* Although the officers contended they "actually worked more than provided for" in the agreement, "the agreement explicitly dictates the amount of time they were to spend on dog care." *Id.* The Court disagreed with the officers' insistence that "because [their employer] knew or had reason to know additional work was being performed for its benefit, it is liable for the attendant wages." *Id.* at 684. The Court clarified that a plaintiff "must show that the agreement provided an unreasonably short amount of time to perform the assigned tasks." *Id.* Thus, the plaintiff in *Rudolph* could not refute a reasonable agreement existed simply by showing he worked more than allotted in the contract.

In this case, like *Rudolph*, there is no evidence that a reasonable employer would necessarily have known that working eight hours per day six days a week was too short a time to perform the tasks required. Defendant had "plenary authority" to determine what amount of care his home needed and to direct his employees accordingly. *Id.* Without any evidence that the agreement provided insufficient time

to perform Plaintiff's duties at the home, Defendants were entitled to rely on Plaintiff "to follow the clear terms of their employment agreement." *Garofolo*, 405 F.3d at 201 (quoting *Rudolph*, 103 F.3d at 684). Thus, the disputed evidence Plaintiff offered about the hours she actually worked is, ultimately, irrelevant in this context. As the *Rudolph* court explained, "we cannot imagine what more [Defendant] could reasonably have done" to comply with the law. *Rudolph*, 103 F.3d at 684.

Viewing the facts in the light most favorable to Plaintiff, and considering all of the surrounding circumstances, we agree with Judge King that a reasonable agreement existed between the parties that governed the employment relationship. Because Plaintiff put forth no evidence challenging the reasonableness of the contract at its inception, the jury's determination of the actual hours worked was unnecessary.[9] Defendants are entitled to judgment as a matter of law because a reasonable agreement existed as to the hours worked in Defendant Pardo's home. Therefore, Plaintiff is not entitled to any back pay for claimed extra work during that period.

### III.   CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Judgment as a Matter of Law [D.E. 108] is **GRANTED**. Judgment in Defendants' favor will be entered by separate Order.

---

[9] Plaintiff's counsel did make an argument that the misnumbering of the written agreement's paragraphs brought its contents into question. Plaintiff, however, did not use the proper methods of challenging the authenticity of the document as she was insinuating. Therefore, given the insignificance of the misnumbering and the improper challenge, we conclude no reasonable jury could find that this fact might make the agreement unreasonable—especially given the parties' extensive performance under the agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of July, 2015.

                                                           */s/   Edwin G. Torres*
                                                       EDWIN G. TORRES
                                                       United States Magistrate Judge