**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 12-23868-CIV-TORRES

ASTRID ELENA CARRILLA BARRAZA,

     Plaintiff,

vs.

FRANCISCO BORJA MARTINEZ PARDO
and ANA MATIAS,

     Defendants.

_____/

**ORDER TAXING COSTS**

This matter is before the Court on Defendants Francisco Borja Martinez Pardo and Ana Matias's ("Defendants") Motion for Bill of Costs [D.E. 127] that was timely filed in this case and which is ripe for disposition. The Court has reviewed the Motion, Response, relevant authorities, and the record. For the following reasons, Defendants' Motion is **GRANTED** in part.

### I.  BACKGROUND

This action was filed for alleged violations of the minimum wage requirements of the Fair Labor Standards Act ("FLSA") and Florida Law. Plaintiff Astrid Elena Carrilla Barraza ("Plaintiff") alleged she worked as a live-in housekeeper for Defendants from approximately December 27, 2008, through October 20, 2012. [D.E. 12 at ¶¶ 11 & 15].

After summary judgment was denied, the case went to trial. The jury awarded Plaintiff damages in the sum of $10,006.67 for unpaid wages based on Plaintiff's

assertions she worked more hours than allotted in her employment agreement. After the jury returned a verdict in favor of Plaintiff [D.E. 97] and the Court entered final judgment in her favor [D.E. 105], Defendants filed their Renewed Motion for Judgment as a Matter of Law which was subsequently granted by the Court [D.E. 119].

As a result, an amended final judgment was entered in Defendants' favor on July 23, 2015. [D.E. 123].  Defendants timely moved to tax costs in the action [D.E. 127], which motion Plaintiff partially opposes on various grounds.[1]

## II.   ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.,* 298 F.3d 1238, 1248 (11th Cir. 2002); *Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC*, 2013 WL 6145533, at *2 (M.D. Fla. Nov. 21, 2013). Rule 54 establishes a presumption that costs should be awarded unless the district court decides otherwise. *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered;" the district court must articulate a sound reason for not awarding full costs. *Id.* at 1039 (internal citations omitted).

Specifically, pursuant to 28 U.S.C. § 1920, the following items may be taxed as costs:

---

[1]     Defendants also moved for attorneys' fees under Rule 11 and 28 U.S.C. §1927, but such motion was summarily Denied. [D.E. 133].  Only this motion to tax costs remains to be adjudicated.

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C. § 1923]; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920; *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-41 (1987) (finding that 28 U.S.C. §1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

Upon granting Defendant's Rule 50 motion for judgment, an amended final judgment was entered in favor of Defendants on all counts. Thus, Defendants are the prevailing parties in this action and are entitled to costs under Fed. R. Civ. P. 54(d). *See Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008) (stating that a prevailing party is one who "prevailed on 'any significant issue in the litigation which achieved some of the benefit the parties sought in bringing the suit'"). Plaintiff does not dispute Defendants' entitlement to costs under the statute.

Plaintiff does, however, take issue with the amount of deposition costs included in the motion, as well as the amount of copying expenses included.  Plaintiff also challenges Defendants' entitlement to recovery of any mediation costs under section 1920.

Upon review of the motion and the objections, the Court agrees that mediation costs are not recoverable under section 1920.  That $450.00 charge must be excluded. As to the remaining objections, however, we find that the amount requested for deposition transcripts and photocopies are reasonable and compensable under the statute.  Additionally, the amounts for translator services (which is unopposed) is also fully taxable.  Accordingly, the Court will award a total of $2,029.86 in taxable costs.

### III.   CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Bill of Costs [D.E. 127] is **GRANTED** in part and **DENIED** in part.  A cost Judgment in Defendants' favor will be entered by separate Order in the total amount of $2,029.86.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of September, 2015.

_/s/   Edwin G. Torres_
EDWIN G. TORRES
United States Magistrate Judge